LAWRENCE SCUDDER & CO. *v.* COUNTY OF EMMET.

1. DISTRICT AND PROSECUTING ATTORNEYS—NATURE OF OFFICE.

   The office of prosecuting attorney is a constitutional one and his duties are prescribed by law (Const. 1908, art. 8, § 3; Comp. Laws 1929, §§ 1286, 1287, 17508).

2. SAME—INVESTIGATION OF CRIME—STATUTES.

   The investigation of alleged crimes by the prosecuting attorney through private individuals, the acceptance of their reports as basic information upon which is issued a peremptory order to the police to arrest, without warrant, the suspected criminals, is not within the statutory powers and duties of a prosecuting attorney (Const. 1908, art. 8, § 3; Comp. Laws 1929, §§ 1286, 1287, 17508).

3. COUNTIES—BOARD OF SUPERVISORS—PROSECUTING ATTORNEY—EMPLOYMENT OF INVESTIGATORS—PAYMENT.

   The board of supervisors is a constitutional office and it has power to authorize the prosecuting attorney to employ investigators and it may provide for their payment (Const. 1908, art. 8, § 7; 1 Comp. Laws 1929, § 1297).

4. DISTRICT AND PROSECUTING ATTORNEYS—INVESTIGATION OF CRIME—AUDIT—EMBEZZLEMENT—ACCOUNTANT'S REPORT.

   Audit of hospital records for which county was sought to be held liable and for which prosecuting attorney had engaged plaintiff without authority from board of supervisors *held,* unnecessary in preparation for trial of case for embezzlement of $100 or more where an accountant had directed prosecuting attorney's attention to more than 50 apparent diversions aggregating more than $5,000, in records kept by accused.

5. SAME—INVESTIGATION OF CRIME—AUTHORITY TO CONTRACT FOR AUDIT—RATIFICATION.

   Prosecuting attorney *held,* to have had no authority from board of supervisors to contract for audit of hospital's records in preparation for prosecution of an accused for embezzlement, nor was his action ratified by the board (Const. 1908, art. 8, §§ 3, 7; Comp. Laws 1929, §§ 1286, 1287, 1297, 17508).

6. ESTOPPEL—COUNTIES—AUDIT—INVESTIGATION OF CRIME.
　　County *held*, not estopped from denying plaintiff's claim for
　　audit of hospital's records where plaintiff was hired by prose-
　　cuting attorney without authority from the board of super-
　　visors and board had not ratified his action which was also
　　unnecessary in preparation for prosecution for embezzlement
　　of one who had kept the records audited (Const. 1908, art. 8,
　　§§ 3, 7; Comp. Laws 1929, §§ 1286, 1287, 1297, 17508).

Appeal from Emmet; Sprague (Victor D.), J. Submitted January 4, 1939. (Docket No. 31, Calendar No. 40,332.) Decided March 9, 1939. Rehearing denied April 25, 1939.

Lawrence Scudder & Company presented their claim for auditing services to the County of Emmet. From a denial of their claim, plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*McCobb & Heany,* for plaintiff.

*B. H. Halstead* and *George H. Heideman,* Assistant Attorney General, for defendant.

SHARPE, J. In October, 1936, the Petoskey Hospital filed suit against Dorothy J. Evick and her husband, Gordon L. Evick, for wrongful diversion of funds. Mrs. Evick had been bookkeeper of the hospital for six years previous thereto. The defendants made no contest, and on November 13, 1936, a decree was entered against defendants in the sum of $21,000. The principal witness in this suit was Elmer Beebe, an accountant, who had made an examination of the books of the hospital.

November 17, 1936, criminal proceedings were instituted against Mrs. Evick. Defendant was arraigned on December 9, 1936, at which time she stood

mute and a plea of not guilty was entered. Following the entering of the plea, Mrs. Evick's attorney asked for a bill of particulars. Mr. Comstock, the prosecuting attorney of Emmet county, after consulting with the attorney general's department, proceeded to Grand Rapids and retained plaintiff, certified public accountants, on the credit of Emmet county, to prepare an audit of the books of the hospital. On February 15, 1937, the audit was completed, and plaintiff filed a claim against the county of Emmet for $2,220.51, representing the cost of the audit.

After the audit was completed, the prosecuting attorney incorporated it into the bill of particulars furnished Mrs. Evick's attorney. On January 4, 1937, Mr. Comstock was called to a meeting of some of the members of the board of supervisors to discuss the Evick case, but no official action was taken concerning the audit then being made.

The trial of the Evick case was set for April 12, 1937, and on that date Mrs. Evick pleaded guilty to the charge. On July 2, 1937, the board of supervisors disallowed plaintiff's bill. Plaintiff brought suit in the circuit court, a trial was had, and on December 20, 1937, the trial court entered a judgment in favor of defendant county.

Plaintiff appeals, and contends that the prosecuting attorney had the power to incur the indebtedness for plaintiff's services; that the county is liable under an implied contract for the reasonable value of plaintiff's services; and that the county is liable for such services as it ratified the action of the prosecuting attorney in hiring plaintiff to perform the services.

Additional facts helpful in the solution of this problem are that the amount of plaintiff's claim is

in excess of the appropriation made by the board of supervisors for the expenses of maintaining the office of the prosecuting attorney for the year 1936; and that the board of supervisors at no time gave express authority to the prosecuting attorney to employ plaintiff, nor was such action authorized by the circuit judge.

The office of prosecuting attorney is a constitutional one. Const. 1908, art. 8, § 3. His duties are prescribed by law. 1 Comp. Laws 1929, §§ 1286, 1287 (Stat. Ann. §§ 5.751, 5.752).

See, also, 3 Comp. Laws 1929, § 17508 (Stat. Ann. § 28.1273).

The powers and duties of such officer are well stated in *Schneider* v. *Shepherd,* 192 Mich. 82 (L. R. A. 1918 F, 399), where we said:

" 'The prosecuting attorney is a constitutional officer. The Constitution, however, leaves the duties and powers of the office to be prescribed by the legislature. Constitution of 1908, art. 8, § 3. So far as here germane, these powers and duties have been defined as follows:

" ' "The prosecuting attorneys shall, in their respective counties, appear for the State or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or criminal, in which the State or county may be a party, or interested." Section 1152, 1 How. Stat. (2d Ed.) ; 1 Comp. Laws 1915, § 2405.' *

" 'Nothing in this provision can by any construction be made to comprehend the acts involved in this controversy. The investigation of alleged crimes by the prosecuting attorney, through private individuals, the acceptance of their reports as basic information upon which is issued a peremptory order to the

---

* 1 Comp. Laws 1929, § 1286 (Stat. Ann. § 5.751).—Reporter.

police to arrest, without warrant, the suspected criminals, finds no statutory sanction in the prescribed powers and duties of a prosecuting attorney.' "

The board of supervisors is also a constitutional office, Const. 1908, art. 8, § 7, and is vested with the following authority:

"To represent their respective counties and to have the care and management of the property and business of the county in all cases where no other provision shall be made." 1 Comp. Laws 1929, § 1130, subd. 16 (Stat. Ann. § 5.331).

"To establish such rules and regulations in reference to the management of the interest and business concerns of such county * * * as they shall deem necessary and proper in all matters not especially provided for in this act or in some law of this State." 1 Comp. Laws 1929, § 1130, subd. 17 (Stat. Ann. § 5.331).

It has the power to authorize the prosecuting attorney to employ investigators and it may provide for their payment. 1 Comp. Laws 1929, § 1297 (Stat. Ann. § 5.791).

It is the claim of plaintiff that the audit was a necessary preparation for trial of the criminal case. The record shows that the information against Dorothy Evick charged an embezzlement on May 4, 1936, of the hospital moneys, exceeding in value $100. The report of Beebe directed the prosecuting attorney to pages in the hospital records where more than 50 apparent diversions were shown, aggregating more than $5,000. It would seem that this report would be sufficient to secure a conviction where it was only necessary to establish that Dorothy Evick had embezzled $100 or more. We are unable to agree with plaintiff's counsel that such a report as plaintiff

prepared was necessary for the prosecuting attorney to have in order to maintain the charge of embezzlement, nor do we find any action taken by the board of supervisors that would lead plaintiff or the prosecuting attorney to believe that there had been a ratification of prosecuting attorney's action. In the case at bar the contract was negotiated by an unauthorized agent; there was no emergency as the board of supervisors was to and did meet on January 4, 1937; the amount involved exceeded the appropriation of the prosecuting attorney's office for the year 1936. Moreover, the need for such an audit is questionable. Under such circumstances the county is not estopped from denying the claim.

The judgment is affirmed, with costs to defendant.

Butzel, C. J., and Wiest, Bushnell, Potter, Chandler, and McAllister, JJ., concurred. North, J., took no part in this decision.