IN RE METZENBAUM.

(No. 885544—Decided September 9, 1970.)

Court of Common Pleas of Cuyahoga County.

*Mr. Richard B. Kay, in propria persona,* for complainant.
*Mr. Frank Seth Hurd, Messrs. Weston, Hurd, Fallon, Sullivan & Paisley, Mr. Byron Krantz, Mr. Marshall Wolf* and *Messrs. Metzenbaum, Gaines, Finley & Stern,* for defendant.

WHITING, J.   Richard B. Kay, candidate of the American Independent Party for United States Senator for Ohio, initiated this proceeding under R. C. 3517.13 to challenge the nominating campaign practices of Howard Metzenbaum, Democratic party candidate for the same office.   Kay's

48

complaint charges Metzenbaum with the violation of Ohio's Corrupt Practices Act. (R. C. 3517.08 to 3517.13.)

R. C. 3517.13 directs the court to conduct a "summary investigation of the charges" set forth in the complaint. If the accused candidate is found by the court to be in willful violation or to have filed a false statement of his campaign receipts and expenditures, the court must then:

"* * * forthwith transmit a copy of his decision and of the evidence to the prosecuting attorney of the county * * * (or) to the attorney general * * * with directions to such prosecuting attorney to present them to the next grand jury in the county or with directions to the attorney general to prosecute the case on behalf of the state."

In cases involving candidates for state and local office the same judge, having found a violation and ordered prosecution, would in most counties preside at the trial arising from that prosecution.

This section of the Corrupt Practices Act purports to assign powers of the executive department of state government to the judiciary. It is therefore in contravention of the separation of powers inherent in the Constitution of the state of Ohio and is unconstitutional and void.

A characteristic feature, and one of the cardinal and fundamental principles of our constitutional system is that government powers are divided among the three departments of government, the legislative, executive and judicial, and that each of these is separate from the others. This principle confines legislative powers to the Legislature, executive powers to the executive department, and those which are judicial in character to the judiciary. 16 American Jurisprudence 2d, Constitutional Law, Section 210; 10 Ohio Jurisprudence 2d, Constitutional Law, Section 231.

The executive power is defined as the power to execute the laws of the state. This includes the power and duty of Ohio's county prosecutors to enforce the penal laws of the state by investigating and prosecuting persons accused of crime. The Attorney General is the chief law officer of the state and assumes the powers of a prosecuting attorney in cases where the Governor and General As-

sembly so direct (R. C. 109.02). The judiciary may not encroach upon or usurp these functions. *Ex parte Young*, 209 U. S. 123, 28 Sup. Ct. 441; *Louisiana* v. *Jumel*, 107 U. S. 711, 2 Sup. Ct. 128, 27 L. Ed. 448.

Prosecution pursuant to R. C. 3517.13 may result in a fine, imprisonment and forfeiture of office (R. C. 3517.13, 3599.04, 3599.07). Thus it is a penal statute. The power thereby granted the court to investigate a possible violation and to make the decision to prosecute is clearly an executive governmental function. Under the doctrine of separation of powers, such powers are confined by the Constitution to the executive department. *State, ex rel. Whiteman*, v. *Chase*, 5 Ohio St. 528. The prerogatives of the executive department may not be invaded by the judiciary. *Cincinnati, W. & Z. Rd. Co.* v. *Commrs. of Clinton County*, 1 Ohio St. 77. The preservation of this separation is essential if our system of government under the state Constitution is to be maintained unimpaired. As said in *City of Zanesville* v. *Zanesville Telephone & Telegraph Co.*, 63 Ohio St. 443:

"The distribution of the powers of government, legislative, executive and judicial, among three co-ordinate branches, separate and independent of each other, is a fundamental feature of our system of constitutional government. In the preservation of these distinctions is seen, by many able jurists, the preservation of all the rights, civil and political, of the individual, secured by our free form of government; and it is held that any encroachment by one upon the other, is a step in the direction of arbitrary power."

This would seem to be especially so when, as here, the judge who found a violation and ordered prosecution would ordinarily be the same judge as ultimately tries the case upon prosecution.

The statute authorizing and directing this encroachment (R. C. 3517.13) is therefore unconstitutional.

It appears that the "directions" to be given by the court under R. C. 3517.13 are intended by the Legislature to be mandatory, and that the prosecutor and the Attorney

General would have no alternative but to comply. One could possibly take an alternative view that the directions of the court are merely advisory. This would lead to a conclusion that R. C. 3517.13 involves no infringement by the court upon the powers of the executive department and is therefore constitutional. However, the subject of this proceeding would not then be a "justiciable matter" within the meaning of Article IV, Section 4 (B) of the new state Constitutional Amendment. The entire proceeding thus would be outside the constitutional jurisdiction of the court, which jurisdiction can not be increased by legislative action. *City of Euclid* v. *Heaton*, 15 Ohio St. 2d 65. Also see *Travis* v. *Public Utilities Commission*, 123 Ohio St. 355; 16 Ohio Jurisprudence, Declaratory Judgments, Sections 6, 7, 19.

The complaint of Richard B. Kay filed herein is dismissed at his costs, without prejudice to his right to present his accusation directly to the county prosecutor or the Attorney General for such disposition, under law, as they may deem proper in their sole and independent discretion.

*Cause dismissed.*