PEOPLE v. CHAMBERS

CRIMINAL LAW—PLEA OF GUILTY—NONJURISDICTIONAL DEFECTS—
    WAIVER—IMPROPER IDENTIFICATION.
    A defendant who enters a voluntary plea of guilty while
    represented by competent counsel waives all nonjurisdictional
    defects in prior stages of the proceedings; nonjurisdictional
    defects include an alleged improper identification of the
    defendant and an alleged illegal confrontation with the com-
    plaining witness.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 April 1, 1971, at Detroit. (Docket
No. 9901.) Decided April 29, 1971. Leave to appeal
applied for.

Robert A. Chambers was convicted, on his plea of
guilty, of larceny from a person. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Billy R. Adams,* for defendant on application for
delayed appeal.

*Harold Helper,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 495.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. On July 2, 1968, the defendant, Robert Allen Chambers, pleaded guilty to the offense of larceny from a person. Defendant was fully informed of his right to a trial by judge or jury, to the maximum sentence he could receive, and to his right to an attorney at a trial at which the prosecution would have to prove his guilt beyond a reasonable doubt and at which defendant would not have to take the stand.

On appeal defendant contends that his rights were violated in that prior to a witness's identification of the defendant, she overheard a conversation between police officers concerning the defendant's possible involvement in other crimes and that defendant was forced into an illegal confrontation with the complaining witness.

A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings. *People* v. *Collins* (1968), 380 Mich 131; *People* v. *Catterson* (1967), 5 Mich App 488; *People* v. *Dobine* (1963), 371 Mich 593; *Crockett* v. *Haskins, Superintendent* (CA 6, 1966), 372 F2d 475.

In the instant case the plea was properly taken in accordance with GCR 1963, 785.3.

Affirmed.