PEOPLE v POTTS

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCING—JUVENILE RECORD.

Use of a criminal defendant's prior juvenile record in determining his sentence is reversible error and requires a remand to the trial court for resentencing by a judge other than the trial judge in proceedings where no reference will be made to the defendant's juvenile record.

CONCURRENCE IN PART, DISSENT IN PART BY HOLBROOK, P. J.

2. DISTRICT AND PROSECUTING ATTORNEYS—OFFICERS—DISCRETION.

The prosecuting attorney is a part of the executive arm of government and has the exclusive right to determine what charge or charges are to be brought against a defendant.

3. CRIMINAL LAW—PROSECUTING ATTORNEYS—DETERMINATION OF CHARGES.

It is reversible error for a trial judge to exercise the prerogative of determining the charge to be brought against a defendant over the objection of the prosecuting attorney, but it is not reversible error if the prosecuting attorney acquiesces or fails to object.

4. CRIMINAL LAW—PLEA OF GUILTY—PROCEDURAL DEFECTS—WAIVER.

A plea of guilty waives any prior defects in the proceedings, including a claimed error of the trial judge in influencing the charges to be brought against the defendant.

5. CRIMINAL LAW—PLEA OF GUILTY—PRELIMINARY EXAMINATION TRANSCRIPTS.

The fact that the trial court looked at the preliminary examination transcript does not affect the validity of a plea of guilty

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 47 Am Jur 2d, Juvenile Courts, Delinquent, and Dependent Children §§ 4, 8.

[2, 3] 7 Am Jur 2d, Attorneys at Law §§ 1, 4.

[4, 5] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

where the preliminary examination transcript was not used, and is not asserted as being used, in supplying the requisite factual basis necessary in establishing the crime and the participation therein by the defendant who has pled guilty and where the acceptance of the plea of guilty was based on an independent factual determination at the plea-taking hearing.

6. CRIMINAL LAW—SENTENCING—JUVENILE RECORD.
    *It is not reversible error for a trial judge to consider a defendant's juvenile record in determining sentence.*

Appeal from Baraga, Stephen D. Condon, J. Submitted Division 3 January 5, 1973, at Grand Rapids. (Docket No. 13001.) Decided March 27, 1973.

Steven R. Potts was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *F. Hubert Mather,* Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for the defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

FITZGERALD, J. *(for remand and resentencing).* This writer and the other panel member, VAN VALKENBURG, J., concur in the opinion filed in the instant case in all respects, save as to part II thereof.

Being committed as we are to the view expressed in *People v McFarlin,* 41 Mich App 116 (1972), we necessarily dissent from that portion of

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the instant opinion with instruction that the matter be remanded to the trial court for resentencing by a judge other than the trial judge in proceedings where no reference will be made to defendant's juvenile record.

Van Valkenburg, J., concurred.

Holbrook, P. J. *(for affirmance).* Steven R. Potts, defendant herein, pled guilty to robbery armed contrary to MCLA 750.529; MSA 28.797, and was sentenced to a term of 15 to 25 years in prison.

Defendant was originally arrested and charged with the offenses of kidnapping and unlawfully driving away an automobile. After a preliminary examination defendant was bound over to circuit court for trial.

After proper order in the circuit court, defendant was examined on March 2, 1971, by a psychiatrist, Dr. Elizabeth D. Kane, who recommended commitment to a diagnostic facility for 60 days. The court ordered him committed on March 9, 1971, and he was returned from the forensic center on May 7, 1971. At a hearing held in circuit court on May 28, 1971, defendant was determined to be competent to stand trial.

On June 1, 1971, the circuit court judge informed the prosecutor that he had reviewed the file, including the preliminary examination and psychiatric report, and believed there was a strong possibility that defendant had raped Mrs. Rafferty. The prosecutor stated it had been suspected and that he would check into it.

On June 3, 1971, the prosecutor appeared in court and moved that the case be remanded to district court for further examination. Defense counsel objected to the remand on the grounds that it would constitute an unreasonable delay in

the proceedings. The trial court granted the motion and ordered that the matter be remanded back to the district court for further examination. The trial court at that hearing orally ordered that defendant be charged with rape, and that the charge of unlawfully driving away an automobile be changed to armed robbery, and if the evidence was sufficient that the defendant be bound over to circuit court on those charges. The written order of remand did not include the oral order concerning the charges.

On June 29, 1971, a second preliminary examination was held which disclosed that a rape had occurred and further that an armed robbery had taken place. Defendant was bound over to circuit court on charges of kidnapping, armed robbery, and rape.

On August 17, 1971, defendant pled guilty to armed robbery and the other two charges upon motion of the prosecuting attorney were dismissed by proper order.

Defendant appeals and asserts the trial court erred in two particulars which we consider in proper order.

I

(a) The trial court improperly exercised a prosecutorial function in determining what charges should be brought against defendant, and (b) the trial court improperly used the preliminary examination to determine that additional charges should be brought against defendant.

(a) The suggestion by the circuit judge that an additional charge might be brought took place on June 1, 1971, four days after a hearing held in the trial court for the purpose of determining compe-

tency of defendant to stand trial. The oral order of
the trial court that additional charges should be
brought against defendant took place on June 3,
1971, at the hearing on the motion of the prosecu-
tor to remand the case to the district court for a
further preliminary examination.

Defendant cites the case of *Genesee Prosecutor v
Genesee Circuit Judge,* 386 Mich 672, 683–684
(1972), as authority for the rule that a judge may
not interfere with the prosecutorial function in
determining the charge or charges to be brought
against a defendant, *viz.:*

"The sole question here is whether the trial judge on
her own initiative has the power to determine, over the
objection of the prosecutor, under which of two admit-
tedly applicable statutes a prosecution will be insti-
tuted, where neither statute represents a lesser in-
cluded offense of the other.

"The prosecutor is a constitutional officer whose du-
ties are as provided by law. Const 1963, art 7, § 4.
*Lawrence Scudder & Co v Emmet County,* 288 Mich
181, 184 (1939); *Schneider v Shepherd,* 192 Mich 83, 88
(1916). The conduct of a prosecution on behalf of the
people by the prosecutor is an executive act, *People v
Dickerson,* 164 Mich 148, 153 (1910).

"We have held in the past that the prosecutor is the
chief law enforcement officer of the county and has the
right to exercise broad discretion in determining under
which of two applicable statutes a prosecution will be
instituted. *People v Lombardo,* 301 Mich 451, 453
(1942); *People v Thrine,* 218 Mich 687, 690–691 (1922);
*People v Mire,* 173 Mich 357, 364 (1912). See also
*People v Graves,* 31 Mich App 635, 636 (1971); *People v
Eineder,* 16 Mich App 270, 271 (1969); *People v Byrd,* 12
Mich App 186 (1968), concurring opinion of LEVIN, J., at
197, particularly footnote 7; *People v Ryan,* 11 Mich
App 559, 561 (1968).

" 'Acting as prosecutor, judge and jury' is a common
description of an unfair and unlawful operation. How-
ever innocently and mistakenly, this is what happened

in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor. For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play.

"We therefore hold that the trial judge acted without authority in amending the information over the objection of the prosecutor in this case."

This case clearly delineates the separation of executive and judicial powers as relating to criminal charges to be brought against a defendant.

It is settled law that the prosecuting attorney is a part of the executive arm of government and has the exclusive right to determine what charge or charges are to be brought against a defendant. Further, when a trial judge exercises that prerogative of determining the charge to be brought against the defendant over the objection of the prosecuting attorney, it is reversible error. Other cases dealing with this issue in addition to *Genesee Prosecutor v Genesee Circuit Judge, supra,* are *People v Lombardo,* 301 Mich 451, 453 (1942); *People v Mire,* 173 Mich 357, 364 (1912); *United States v Cox,* 342 F2d 167 (CA 5, 1965), *cert den,* 381 US 935; 85 S Ct 1767; 14 L Ed 2d 700 (1965); *In re Grand Jury January 1969,* 315 F Supp 662 (D Md, 1970); *Hassan v Magistrates' Court of New York City,* 20 Misc 2d 509; 191 NYS2d 238 (S Ct 1959), *leave den,* 8 NY2d 750; 201 NYS2d 765 (1960).

We point out that the instant case is not factually similar to *Genesee Prosecutor, supra,* for the

following reasons: (1) this action is not brought by the Baraga County prosecutor asserting that the circuit judge assumed and took over the prerogatives and duties of the prosecuting attorney; (2) the prosecuting attorney herein made the motion for remand for further examination; (3) at the second examination the prosecutor authorized an amended warrant based upon an amended complaint charging the three offenses of rape, armed robbery, and kidnapping; (4) the preliminary examination testimony justified the binding of defendant over to circuit court for all three offenses; (5) the prosecuting attorney filed the amended information in circuit court charging in separate counts the three crimes; (6) the defendant pled guilty to armed robbery after a proper arraignment and the court signed a nolle prosequi as to the other two offenses; (7) the prosecuting attorney has not objected to any of the proceedings; (8) the trial judge did not add another charge to the information but remanded on motion of the prosecutor to the district court for further examination. We conclude that what the trial judge did in this case would have been reversible error if the prosecutor had objected to the proceedings; however, under the facts present in the instant case no reversible error occurred.

We note now that the defendant did not then nor does he now claim there was insufficient evidence to bind him over to circuit court on all three charges. Defendant made no objection to the proceedings when arraigned in circuit court on the amended information and voluntarily pled guilty to armed robbery. Defendant does not now claim that he is innocent of the charge to which he pled guilty, and he makes no allegation of coercion, lack of voluntariness, nor falsity of his statements to the trial court as to his participation and in-

volvement in the armed robbery. The record discloses no miscarriage of justice in the acceptance of the plea of guilty. MCLA 769.26; MSA 28.1096.

A similar situation to the instant case was present in *People v Norman,* 9 Mich App 647 (1968), wherein the trial court granted defendant's motion to quash the original information. Subsequently, the prosecuting attorney added another count to the information. Defendant made no objection to the proceedings and the count was added; a preliminary examination was waived and defendant pled guilty. On appeal the defendant claimed that, after the original information was quashed, another count could not be added without new proceedings and the filing of a new information, and that the old information could not be amended to charge a distinct and different crime not included in the original complaint and warrant. Our Court ruled as follows on page 654:

> "We conclude that when the defendant Norman waived preliminary examination on, and pleaded guilty to, the added count, he validly consented to its addition and waived the omitted proceedings which would otherwise have been required. Defendant, having consented and agreed to the procedures followed, may not now be heard to challenge them."

There are many cases which hold a plea of guilty waives all nonjurisdictional defects. *People v Wickham,* 41 Mich App 358 (1972); *People v Catlin,* 39 Mich App 106 (1972); *People v Horace,* 36 Mich App 666 (1971); *People v Chambers,* 33 Mich App 302 (1971); *People v Walker,* 28 Mich App 650 (1970); and *People v Patton,* 25 Mich App 713 (1970). We also rule that defendant's plea of guilty waived any prior defects in the proceedings, including the claimed error of the trial judge con-

cerning the charges to be brought against the defendant.

(b) Defendant next asserts that his plea of guilty was invalid because the trial judge who accepted defendant's plea of guilty looked at the preliminary examination transcript to determine that additional charges should be brought and cites the case of *People v Ramsey,* 385 Mich 221 (1971), in support of his position. In *Ramsey* the Supreme Court was reviewing a non-jury trial where evidence existed that the trial court "glanced" at the preliminary examination transcript. The Court stated on pages 225–226:

"This case demonstrates the need for an absolute rule in this situation. There is no way to determine whether or not the trial court was prejudiced by 'glancing' at the transcript. In fact, it is difficult to determine precisely how much, if any, of the transcript was read by the court, or for what purpose. Therefore, in order to avoid problems of proof on this issue, we hold that as an absolute rule it is reversible error for the trial court sitting without a jury to refer to the transcript of testimony taken at the preliminary examination except under the exceptions provided by statute. A jury, if impanelled, would not be aware of the testimony taken at a preliminary examination except under the provisions of the statute. A trial judge, sitting as the trier of the facts, can assume no greater prerogatives than a jury if a jury were impanelled to determine the facts."

Clearly the facts in *Ramsey* are not analogous to the facts in the instant case. *Ramsey* was a case in which the trial judge was trying a defendant in a nonjury trial, the present case involves the legality of acceptance of a plea of guilty.

Our Supreme Court in the case of *People v Rufus Williams,* 386 Mich 277 (1971), ruled that the establishment of the crime and the participation therein of the person pleading guilty must

appear in the plea-proceedings transcript. The Court further acknowledged at page 285 that the examination by the trial court of the defendant required in plea proceedings is not a trial of guilt or innocence.

The people assert that the fact that the trial court looked at the preliminary examination transcript does not affect the validity of the plea of guilty where the preliminary examination transcript was not used, and is not asserted as being used, in supplying the requisite factual basis necessary in establishing the crime and the participation therein by the defendant who has pled guilty.

We are constrained to rule that the people's position on this issue is correct and that the acceptance of the plea of guilty of defendant being based on an independent factual determination by the trial court at the plea-taking hearing, there was no error.

II

Defendant asserts that the trial court erred when it considered defendant's juvenile record in determining the sentence.

The people admit that the trial court did consider the defendant's juvenile record in determining the proper sentence to impose upon the defendant.

Our Court does not have a unanimous view on this issue. *People v Coleman,* 19 Mich App 250 (1969), is authority for the rule that the trial court may consider a defendant's juvenile record in determining the sentence to be imposed; that the trial court in considering the juvenile record of a defendant in determining a proper sentence is not in violation of MCLA 712A.23; MSA 27.3178(598.23). Through April of 1972 various

panels of this Court without exception followed *Coleman* as controlling precedent.[1]

Then in *People v McFarlin,* 41 Mich App 116, 126 (1972), Chief Judge Lesinski, with Judges Bronson and Targonski concurring, reexamined the prior decisions on this issue and declined to follow *Coleman* and its progeny, ruling that it constituted reversible error for a judge to consider a defendant's juvenile record in determining sentence. Many of our judges have followed *McFarlin* and others are still adhering to *Coleman.* The proper rule to be followed will not be known until the Supreme Court rules on the *McFarlin* appeal. In the meantime the writer of this opinion, being one of the adherents to *Coleman,* is constrained to rule that no error occurred in the instant case on this issue for the reasons stated in *People v Pence,* 42 Mich App 215 (1972).

Affirmed.

---

[1] In fairness to the trial judge it is pointed out that at the time of sentence, *People v Coleman, supra,* was the prevailing law, which was not placed in dispute until the release of *People v McFarlin, supra.*