### 29639. In re PENDING CASES, AUGUSTA JUDICIAL CIRCUIT.

UNDERCOFLER, Presiding Justice.

The superior court judges of the Augusta Judicial Circuit on June 26, 1974, delivered the following letter to the district attorney of that circuit:

"We would like to have a list of all cases pending in your office that were made since January 1, 1972.

"What we need from you is the person's name, the charge or charges, and the date the indictment was returned or the date the case was made if the same has not been indicted.

"We need this information in order that we can determine our court schedule in the future."

The district attorney did not furnish the information and by letter dated September 18, 1974, the superior court requested compliance. The information was not forthcoming and on October 18, 1974, a rule nisi was issued directing the district attorney to show cause why he should not be ordered to comply. After hearing the district attorney on November 21, 1974, was ordered to furnish not later than January 17, 1975, ". . . for the organization and functioning of the court a list of all cases pending in his office made since January 1, 1972, setting forth the person's name, the charge or charges, the date indictment was returned or the date the case was made absent indictment." This appeal followed.

The district attorney contends the order is repugnant to the provisions of the Georgia Constitution providing for the separation of the judicial and executive functions and powers. Const., Art. I, Sec. I, Par. XXIII (Code Ann. § 2-123).

He states, "The issue of law in this appeal is whether the superior court judges have the authority to order the district attorney of that respective judicial circuit to prepare and provide the court with a list of all cases pending in his office, indicted or otherwise, in such form as they may desire." We do not perceive this to be the precise issue. The order of the superior court judges does not require a list of all cases pending in the district attorney's office, indicted or otherwise. As we read the order it requires a list of cases in which an ". . . indictment was returned or . . . the case was made absent indictment." As we read the order it requires information where formal charges have been entered by indictment, accusation or warrant for arrest. It does not request information concerning investigations that may be in progress by the district attorney where neither an indictment, accusation or warrant for arrest has been issued.

The separation of powers is fundamental to our constitutional form of government. However, it does not follow that a complete separation is desirable or was intended. Most state constitutions blend these powers to a certain extent.

The three departments of government are not kept wholly separate in the Georgia Constitution. Such is the case here. Our Constitution requires a district attorney, ". . . to perform such other services as shall be required of him by law." Ga. Const., Art. VI, Sec. XI, Par. II (Code Ann. § 2-4602). One of these statutory requirements is that district attorneys are ". . . otherwise to aid the presiding judge in organizing the courts as he may require." Code § 24-2908.3. District attorneys are also required to prosecute all indictable offenses. Code § 24-2908.4. They may not nolle prosequi a case without the consent of the court. Code § 27-1801. In certain instances the presiding judge may appoint a special prosecutor or "command the services of a district attorney of any other circuit accessible." Code § 24-2913.

In view of the foregoing we conclude that the functions of district attorneys are not exclusively executive and that the presiding judge may call upon the district attorney to furnish the information requested here as to pending criminal cases if for no other reason than to schedule trials which we conceive to be "organizing the courts" so as to dispose of criminal matters promptly and efficiently.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents.*

ARGUED FEBRUARY 10, 1975 — DECIDED APRIL 29, 1975.

*Richard E. Allen, District Attorney,* for appellant.
*John F. Hardin, William M. Fleming, Jr., Edwin D. Fulcher, Franklin H. Pierce,* in propria persona.

HALL, Justice, concurring.

Rule 42 of the Rules of the Superior Court assumes that the docket is the "judge's docket" and shall remain under his control. Code Ann. § 24-3342. Canon 3 (B) (1), Georgia Code of Judicial Conduct, recognizes that it is the judge's obligation to organize the court for a prompt and convenient dispatch of its business. 231 Ga. A-5. See also

the Standards of the American Bar Association relating to The Administration of Criminal Justice: Standards, The Function of the Trial Judge, § 3.8, pp. 170 and 182; Standards, The Prosecution Function §§ 1.1 and 5.1, pp. 83 and 94. This broad control over the docket makes it possible for the judge to meet the requirements of justice that criminal cases be called before civil cases, that defendants in custody be tried before those on pre-trial release and that all defendants be given a speedy trial. Formal adoption of these Standards "would be of benefit in focusing the attention of the judges on these factors when they are preparing the docket." Comparative Analysis of the American Bar Association Standards For Criminal Justice with Georgia Laws, Rules and Legal Practice, IX, 13-14.

In my opinion the information requested by the trial judge is necessary to the efficient administration of criminal justice in Georgia.

INGRAM, Justice, concurring in the judgment.

I agree with the court's decision in this case, but not with all that is said in the majority opinion.

This is an unusual case, and, so far as we have been able to determine, the issue presented has not been litigated previously in Georgia. In any event, no one has cited a Georgia case answering the question we must decide. While some questions of first impression are challenging and interesting, this particular one is troublesome.

I concur with the majority that the information sought by these judges can be required from the district attorney for the orderly and efficient operation of the court without offending the Constitution. The judges of the Augusta Circuit unanimously determined en banc that they needed a list of all cases pending in the district attorney's office made since January 1, 1972, for the organization and functioning of the superior court in that circuit.

The clerk of the court has a duty to keep a trial docket of criminal cases, but the district attorney is actually the official in charge of prosecuting the cases. He should be able to furnish the judges with a list of the cases pending

in his office to assist the judges in organizing their calendars and otherwise planning an orderly and sensible disposition of the court's business. The judges have a statutory duty under Code Ann. § 27-1301 to decide whether the docketed criminal cases will be called for trial in numerical order or otherwise in the sound discretion of the court.

However, as I read the statutes, a case pending in superior court does not include warrants still under investigation by the district attorney which have not resulted in either an accusation or an indictment. The majority opinion interprets the present court order to include not only accusations and indictments but also warrants. I believe the judges have no right to require the district attorney to furnish to them information about matters under investigation by the district attorney which have not become "cases" in court.

In my view, the judges should hear from the district attorney on which criminal cases are emergency or jail cases and consider his recommendations before exercising the discretion they have over the criminal calendar because there may be factors known peculiarly to the district attorney which would merit the trial of some cases before others irrespective of the date they were entered on the docket by the clerk. But, it seems to me the discretion and responsibility which the judges have in making a trial calendar could be exercised far more wisely if they were given the information on pending cases which they seek from the district attorney. Therefore, I concur in the judgment of the court in this case.

GUNTER, Justice, dissenting.

This is an appeal from an order signed by the judges of the Superior Courts, Augusta Judicial Circuit, which directed the district attorney to furnish the judges with a list of cases pending in his office. Such an order is appealable. *Darden v. Ravan,* 232 Ga. 756 (208 SE2d 846) (1974). The issue here is whether the judges have the power to issue such an order to the district attorney.

On June 26, 1974, the judges delivered to the office of the district attorney a letter which requested that they be provided with a list of all pending cases made since

January 1, 1972. The letter requested that the list include the name of each accused person, the charge or charges, and the date the indictment was returned or the date the case was otherwise made if the accused was not indicted. The letter stated that the information was necessary to permit scheduling of the court's business. The letter was not answered by the district attorney, and on September 18, 1974, a follow-up letter was delivered to the district attorney. It was not answered either. On October 18, 1974, the judges served upon the district attorney an order to show cause why he should not be compelled to provide the requested information. A hearing was held on October 23, and after that hearing, the judges issued the order from which this appeal has been taken. The order directed the district attorney to furnish "for the organization and the functioning of the court a list of all cases pending in his office made since January 1, 1972, setting forth the person's name, charge or charges, the date indictment was returned or the date the case was made absent indictment."

The district attorney argues that the order issued by the judges violates the principle of separation of powers between and among the three Departments of our government. Our Constitution provides: "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." Code Ann. § 2-123. In answering this argument, the judges argue that the district attorney is a member of the judicial branch of the government and, alternatively, that the order was within the inherent power of the judiciary. They make no effort to rely on any express constitutional or statutory grant of power.

In contending that the district attorney is a member of the judicial branch of the government, the judges rely primarily on *Fortson v. Weeks,* 232 Ga. 472, 478 (208 SE2d 68) (1974). There, this court stated: "District Attorneys are generally considered to be quasi-judicial officers." This statement was made in the context of an equal protection discussion where the only question before the court was whether district attorneys are sufficiently

distinguishable from other executive officers to permit the legislature to regulate district attorneys in a manner different from other executive officers. This court did not, and could not, hold that district attorneys are members of the judicial branch of the government. The prosecution of the violation of criminal laws is plainly an executive function. Our Constitution provides: "It shall be the duty of the district attorney to represent the State in all cases in the superior court of his circuit..." Code Ann. § 2-4602.

The need to keep the prosecutorial function separate from the judicial function is obvious if we are to have an impartial judiciary. In a criminal case the district attorney represents a party to the litigation, the state, and as a lawyer for a litigant he is an officer of the court. However, he is no more in the judicial branch of the government than any other lawyer representing a litigant.

The proposition that district attorneys are in the executive branch of the government is supported by authority from many jurisdictions. The leading case in the federal courts is United States v. Cox, 342 F2d 167 (5th Cir. 1965), cert. den. 381 U. S. 935 (1965). There, the court held that a trial judge lacked the power to order an attorney for the United States to sign an indictment returned by a grand jury. His signature was necessary for the prosecution of the case. The court stated: "Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."

Under this line of reasoning it has been held that a trial judge may not investigate a crime and recommend prosecution (In Re Metzenbaum, 26 Ohio Misc. 47 (265 NE2d 345) (1970)); may not compel a prosecutor to investigate and prosecute alleged crimes ( Inmates of Attica Correctional Facility v. Rockefeller, 477 F2d 375

(1973)); may not determine which charges will be brought to trial (People v. Potts, 45 Mich. App. 584 (207 NW2d 170) (1973)); and may not appoint a special prosecutor where a district attorney has declined to prosecute (People v. Municipal Court for the Ventura Judicial District of Ventura County, 27 Cal. App. 3d 193 (103 Cal. Rptr. 645) (1972)). For other cases holding that district attorneys are members of the executive branch, and that trial courts have no supervisory control or authority to interfere with specific prosecutorial decisions, see United States v. Shaw, 226 A2d 366 (D. C. App. 1967); People v. Henry, 20 Ill. App. 3d 73 (312 NE2d 719) (1974).

I would therefore hold that a district attorney is, though an officer of the court in each pending case in which the state is a party, a member of the executive branch of the government.

I now come to the inherent power of the judiciary to properly operate the judicial system. The doctrine of inherent power necessarily flows from the separation of powers' principle. "Courts have recognized that the exercise and scope of inherent judicial power are closely related to the principles underlying the separation of powers in our constitutional system. Unless it is to be a subordinate branch of government, a status contrary to the provisions of most state constitutions, the judiciary must possess either the express or implied power to preserve its integrity and perform its duties." 57 Cornell L. Rev. 986.

In this case I am faced with the problem of balancing two principles of governmental organization, both of which are derived from the fundamental concept of the separation of powers. The first and overriding principle is that no one branch of the government shall be subordinate to either of the other two. The second principle is that each branch must have the means to perform its role as a coordinate branch of the government.

In applying these two principles in this case, it should first be noted that the judges have ordered only a list of cases, purportedly to be used in organizing the business of the court, and have not assumed any general supervisory control or interfered with any specific prosecutorial decision of the district attorney. In short,

the first and overriding principle must prevail unless it can be demonstrated that the judges cannot properly perform their functions as an independent, coordinate branch of the government without the information they seek from the district attorney. In the language of one Georgia case, the question is whether the information sought from the district attorney is "necessary to the orderly and efficient exercise of jurisdiction." *DeKrasner v. Boykin,* 54 Ga. App. 29 (186 SE 701) (1936).

I am unable to conclude that the judges need the information sought from the district attorney for the orderly and efficient operation of the court; the information, of the nature sought here, necessary for the efficient and proper operation of the court should be available to the judges from court records.

A criminal case is not a "case in court" until it has been filed with the clerk of court. Code Ann. § 24-2714-5(6) provides that the clerk of court shall keep: "A trial docket of criminal cases, showing the names of the parties, their attorneys, and the character of each case in the order in which they were returned to court." Code § 27-1301 provides: "The cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant be in jail, or otherwise in the sound discretion of the court." I think that these statutory provisions mean that when an indictment or accusation is "returned to court," it must be entered on the trial docket of criminal cases, and it is from this trial docket that the presiding judge must conduct the business of the court in an orderly and efficient manner.

I would therefore hold that the order in this case was not necessary to preserve the integrity of the judiciary against a member of the executive branch of the government; nor was it necessary for the efficient, proper and orderly operation of the court; and it violated the constitutional principle of separation of powers. It follows that I would reverse the judgment as having been erroneously entered.

The majority opinion poses several problems for me. The first is the inference that the constitutional provision (Code Ann. § 2-4602) which says that it shall be the duty of the district attorney to perform such other services as

shall be required of him by law would enable the General Assembly to enact a statute requiring the district attorney to perform legislative or judicial functions. Such a statute if enacted by the General Assembly would, in my opinion, be unconstitutional as violative of the separation of powers' principle. Section 2-4602, having reference to the duties of the district attorney, merely means to me that he can be required by statute to perform such other services that are executive department functions as distinguished from legislative or judicial functions.

Second, the final paragraph of the majority opinion concludes that "the functions of district attorneys are not exclusively executive." My view is that they are and must be exclusively executive; otherwise, the separation of powers' principle is violated.

Third, the final paragraph of the majority opinion asserts that "the presiding judge may call upon the district attorney to furnish the information requested here." This is to evade the issue presented in this case by the appellant. No one questions that a judge may ask a district attorney to provide such information; the issue is whether a member of the judicial branch can order a member of the executive branch to respond with such information, and if, pursuant to such an order, the member of the executive branch refuses to respond, can he be held in contempt by the judiciary for such wilful failure. I, of course, think that there should be cooperation between a trial judge and the district attorney with respect to the handling of criminal cases filed in court. But when a district attorney is ordered to provide information to the trial judge that he does not want to furnish and is not required to furnish, he, as a member of the executive branch, cannot be compelled by the judiciary to furnish it.

Fourth, the majority opinion says: "As we read the order it requires information where formal charges have been entered by indictment, accusation or warrant for arrest." Certainly, a warrant pending in the district attorney's office for the arrest of a person on a criminal charge is not a "case pending in court." The enforcement of the criminal laws and the prosecution of violations of the criminal laws are solely an executive function. And the judiciary is, in my opinion, precluded from meddling with

or interfering with that exclusive executive function.

I conclude that the judges were without power to enter the order entered in this case, and if the district attorney wilfully refused to comply with the order, I do not think he could be held in contempt by the judiciary. The constitutional principle of separation of powers has, to me, a meaningful and pragmatic purpose.

I respectfully dissent.