KOUGOULAS *v.* SORLAS.

1. COURTS—CRIMINAL LAW—JUDGMENT—EQUITY.
   Judgment of Detroit recorder's court in criminal case, in which
   it had jurisdiction over offense and person, may not be re-
   viewed by bill in equity.

2. JUDGMENT—RES ADJUDICATA.
   Judgment of conviction in court of competent jurisdiction not
   appealed from is *res adjudicata* in equity suit to have criminal
   proceedings declared null and void and for other relief.

Appeal from Wayne; Campbell (Allan), J. Sub-
mitted October 14, 1930. (Docket No. 75, Calendar
No. 35,234.) Decided December 2, 1930.

Bill by George Kougoulas against Steve Sorlas
and Seward Nichols to expunge certain court rec-
ords and for a money judgment. From a decree
dismissing the bill, plaintiff appeals. Affirmed.

*Charles C. Stewart,* for plaintiff.

*Alfred Kuschinski* and *Philip J. Williams,* for
defendant Sorlas.

*Seward F. Nichols, in pro. per.*

SHARPE, J. The bill of complaint alleges that the
plaintiff was arrested on November 24, 1925, on a
warrant issued on complaint of defendant Sorlas, in
which he was charged with the larceny by trick of
$7,460, contrary to section 15298, 3 Comp. Laws
1915; that on the recommendation of Van Ring, as-
sistant prosecuting attorney, this charge was dis-
missed; that he was rearrested under a new com-

plaint and warrant containing the same charge on June 30, 1926; that he was bound over to the recorder's court of the city of Detroit for trial, was tried, and convicted, and placed on probation on condition that he pay to the probation officer, to be turned over to Sorlas, $15 per week; that he made such payments until he had paid in all $2,385, when he was discharged; that he was innocent of such charge, and that his conviction was secured by perjured testimony secured by Sorlas. Much of the testimony is set forth in the bill, and argument made that some of it was inadmissible, and that he did not have a fair trial.

In his prayer for relief he asks that the criminal proceedings be "declared to be null and void," and that the clerk of the recorder's court be directed to expunge it from the record, and that he be "exonerated from all taint or criminality;" that the defendant Sorlas be ordered to repay to him the $2,385, and that he and the defendant Nichols, the assistant prosecutor who tried the case, be ordered to pay him "such sums as he was obliged to pay out in defending himself whether in the shape of attorneys' fees or witness fees."

The bill was dismissed, on motion of the defendants, for the reason, among others, that it did not "set up an equitable cause of action," and plaintiff has appealed.

When tried on the criminal charge, plaintiff had the benefit of able counsel of his own selection, and no review thereof was had or sought in this court. The recorder's court had jurisdiction of the offense charged and of the person of the plaintiff, and its judgment may not be reviewed by a bill in equity. As was said by Mr. Justice Butzel in *Turbessi* v. *Oliver Iron Min. Co.,* 250 Mich. 110, 112 (69 A. L. R. 1059):

"The judgment of conviction is *res adjudicata* and a complete defense to the present suit. Were this not the rule, every one convicted of a felony might, after serving a term of imprisonment, collaterally attack the judgment of the court convicting him. There would be no end to litigation and frequently at a time when proper evidence might no longer be available."

The decree is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.