PEOPLE *v*. SARNOFF.

1. MANDAMUS—QUESTIONS REVIEWABLE—INSANITY.

On review of circuit court's order dismissing writ of certiorari to recorder's court of Detroit by appeal in the nature of mandamus, where question of defendant's insanity was not included in record before circuit court nor in agreed concise statement of facts submitted to Supreme Court, such matter will not be considered.

2. CRIMINAL LAW—CONSTRUCTION OF STATUTES.

A penal law cannot be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may, or what he may not, do under it.

3. MUNICIPAL CORPORATIONS—BUILDING CODE—DWELLINGS—REPAIRS —CONSTITUTIONAL LAW.

Municipal building code requiring that every dwelling and all parts thereof shall be kept in good repair by the owner is not unconstitutional because it fails to inform the owner of the particular act or acts prohibited as the words ''good repair'' sufficiently inform the ordinary owner that his property must be fit for the habitation of those who would ordinarily use his dwelling (1 Comp. Laws 1929, § 2559, as amended by Act No. 303, Pub. Acts 1939; Detroit Ordinance No. 354-C as amended by Ordinance No. 131-D, § 2969).

4. SAME—ORDINANCES—CRIMINAL LAW.

The violation of a municipal ordinance is a criminal act.

5. CRIMINAL LAW—PROBATION.

Where the violation of a municipal ordinance is also the violation of a statute, upon conviction of the violation of such an ordinance the court has power to place the defendant on probation.

6. SAME—BUILDING CODE VIOLATION—SENTENCE—PROBATION—CRUEL AND UNUSUAL PUNISHMENT.

Defendant dwelling owner who was found guilty in two cases of different violations of provisions of municipal building code requiring dwelling owners to keep all parts of the dwelling in good repair, a provision similar to that of the

State housing code, and sentenced by being placed on probation for a period of one year, the conditions of probation being that in each case he make the necessary repairs and in each case he be ordered confined to county jail for 60 days, terms to be served concurrently, was not thereby inflicted with "cruel or unusual punishment" which means something inhuman and barbarous, torture and the like (1 Comp. Laws 1929, § 2559, as amended by Act No. 303, Pub. Acts 1939; Detroit Ordinance No. 354–C as amended by Ordinance No. 131–D, § 2969).

7. SAME—CONDITION OF PROBATION—REPAIRS TO DWELLING.
   Condition of probation order, made after conviction of violations of provisions of municipal building code requiring dwelling owners to keep all parts of the dwelling in good repair, that defendant make the necessary repairs was neither unreasonable nor improper (Detroit Ordinance No. 354–C as amended by Ordinance No. 131–D, § 2969).

8. SAME—SENTENCE—CONDITION OF PROBATION—DOUBLE PUNISHMENT.
   Statute providing that court might require, as a condition of probation, that probationer be immediately imprisoned in county jail for not more than 60 days or that he shall pay immediately or within the period of his probation a fine imposed at the time of being placed on probation, or both, in the discretion of the court, is not unconstitutional as imposing double, cruel or inhuman punishment (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931).

BOYLES and SHARPE, JJ., dissenting.

Appeal from Wayne; Webster (Arthur), J. Submitted April 16, 1942. (Docket No. 84, Calendar No. 41,840.) Decided June 10, 1942.

Joseph Sarnoff was convicted in two cases by the Recorder's Court for the City of Detroit for violations of the building code. Writ of certiorari granted by Wayne circuit court. Defendant reviews dismissal of writ by appeal in the nature of mandamus. Affirmed.

*Paul E. Krause,* Corporation Counsel, and *Nathaniel H. Goldstick* and *Arthur Barkey,* Assistants Corporation Counsel, for the people.

*Alvin D. Hersch* and *Samuel H. Weisman,* for defendant.

Bushnell, J. Defendant Joseph Sarnoff was convicted in two cases by a jury in the recorder's court for the city of Detroit, traffic and ordinance division, of violations of section 2969 of the building code of the city of Detroit, ordinance No. 131–D, being an amendment to ordinance No. 354–C. First, in one case it was charged that Sarnoff failed to keep a certain dwelling in good repair, in that he failed to reopen a blocked sewer and remove sewage from the cellar, make repairs to cellar stairs, install a window in the cellar for light and ventilation, replace broken glass in a kitchen door, and reputty broken glass. In the second case it was charged that Sarnoff failed to keep a certain dwelling in good repair in that all loose sidings on the exterior walls had not been refastened, proper foundations under the dwelling were not installed, the floors were not leveled, holes in the floors were not repaired, broken window glass was not replaced, loose window glass was not reputtied, broken window sash was not repaired, and dangerous stair treads on rear outside stairs to the second floor apartment were not repaired.

Defendant was found guilty in each case and was sentenced as follows: He was placed on probation in each case for a period of one year, the conditions of probation being that in each case he make the necessary repairs and that in each case he be confined to the Wayne county jail for a term of 60 days, each of said terms to be served concur-

rently. Defendant's application for writ of certiorari to the circuit court of Wayne county was granted.

Defendant contended that the ordinance was invalid and that the sentence imposed was illegal and unconstitutional. He also asserted that his commitment to the Wayne county jail was illegal because the director of the psychopathic clinic of the recorder's court for the city of Detroit had filed a written report in which he stated that, "psychiatrically, this individual is insane." Sarnoff also contended that the imposition of a sentence of one year's probation and confinement for 60 days in the Wayne county jail constituted cruel or unusual punishment. He further claimed that substantially all the repairs demanded had been made and that he had agreed to make the remaining ones. The circuit judge did not pass upon the insanity question, that matter not having been included in the record. (Nor is it included in the agreed concise statement of facts submitted to this court, and, therefore, will not be considered.)

The circuit judge, after a hearing, held the ordinance valid, affirmed the sentence, and dismissed the writ of certiorari. This court granted leave to appeal and stayed the proceedings. Appellant raises substantially the same questions here that were presented to the circuit court.

The building code of the city of Detroit is similar to the State housing code. See Act No. 167, Pub. Acts 1917, as amended, 1 Comp. Laws 1929, § 2487 *et seq.* (Stat. Ann. § 5.2771 *et seq.*). Section 71 of the State housing code, 1 Comp. Laws 1929, § 2559, as amended by Act No. 303, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2559, Stat. Ann. 1941 Cum. Supp. § 5.2843), reads in part:

"Every dwelling and all the parts thereof *  *  * shall be kept in good repair by the owner."

Sarnoff contends that section 2969 of the ordinance No. 131–D amending ordinance No. 354–C of the city of Detroit, known as the building code, is unconstitutional because the provision requiring a dwelling and the parts thereof to "be kept in good repair by the owner" is too broad and indefinite and, therefore, fails adequately to inform the owner of the particular act or acts prohibited.

It is fundamental that a penal law cannot be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may, or what he may not, do under it. *People* v. *Goulding,* 275 Mich. 353, 359.

However, the words "good repair" have a well-known and definite meaning. See *Annis* v. *Britton,* 232 Mich. 291, and *Malosh* v. *Thompson,* 265 Mich. 320. They sufficiently inform the ordinary owner that his property must be fit for the habitation of those who would ordinarily use his dwelling. It would be difficult, if not impossible, to lay down a rule of conduct in more exact terms which would at the same time cover the varying conditions presented in each individual case. As was said in *People* v. *McMurchy,* 249 Mich. 147, 178:

"There are many crimes on our statute books which must be defined by the use of words of a general and flexible meaning, and the existence or nonexistence of the essential elements of these crimes becomes a question of fact to be determined in each case. It is not possible to use any but general terms for describing the following statutory crimes; wilful, deliberate and premeditated killing; committing an assault with a deadly weapon; assault with intent to do great bodily harm; assault with a gun, etc., or other dangerous weapon;

cruelly and unlawfully punishing a child; going armed with an offensive and dangerous weapon or instrument concealed on one's person; committing a gross fraud or cheat; malicious injury to property; abandonment of wife or children without necessary and proper shelter, food, etc., drunkenness, intoxication, driving while intoxicated; lewd and lascivious cohabitation; use of indecent language, etc.; crime, sabotage, violence or other unlawful methods of terrorism; gross indecency; disorderly person; allowing a prisoner to escape through negligence; lottery, resisting an officer, etc. It is necessary to apply the rule of reason or common understanding to many statutes in order to carry out their purpose. *Standard Oil Co.* v. *United States,* 221 U. S. 1 (31 Sup. Ct. 502, 55 L. Ed. 619, 34 L. R. A. [N. S.] 834, Ann. Cas. 1912D, 734); *United States of America* v. *American Tobacco Co.,* 221 U. S. 106 (31 Sup. Ct. 632, 55 L. Ed. 663).''

See, also, the discussion on this subject in *People* v. *Maki,* 245 Mich. 455, and *People* v. *Austin,* 301 Mich. 456.

Legislation in vague or general terms is also treated in 45 Harvard Law Review, 160 (1931); 21 Michigan Law Review, 831 (1923); and 37 Michigan Law Review, 1161 (1939). The last cited article says in part:

''No precise test to determine whether a statute is too vague and indefinite to afford due process can be ascertained from the cases. Within the general rules and depending on the practical application of the statute to the fact situations, it seems a court has some leeway to declare doubtful terms too indefinite or not. The general rule is that a criminal statute, when applied to the situations it purports to govern, must be sufficiently definite and certain in its terms to inform the average intelligent person what conduct will subject him to penal-

ties. Enactment of similar statutes and evidence of a long period of satisfactory administration of the law should be taken into consideration.''

Since *People* v. *Hanrahan*, 75 Mich. 611 (4 L. R. A. 751), this court has held that the violation of an ordinance is a criminal act, and where the violation of an ordinance is also the violation of a statute, upon conviction of the violation of such an ordinance the court has power to place the defendant on probation. *People* v. *Goldman*, 221 Mich. 646.

In *People* v. *Robinson*, 253 Mich. 507, decided February 27, 1931, the court held that ''probation is a substitute for imprisonment'' and that ''imprisonment cannot be imposed until the probation is revoked or terminated.'' Subsequent to this opinion, the legislature amended Act No. 175, Pub. Acts 1927 (3 Comp. Laws 1929, § 17371 *et seq.*), by adding to section 3 thereof the following:

''As a condition of probation, the court may require the probationer to be immediately imprisoned in the county jail for not more than sixty days, or that he shall pay immediately or within the period of his probation, a fine imposed at the time of being placed on probation, or both, in the discretion of the court.'' 3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931. (Comp. Laws Supp. 1940, § 17373, Stat. Ann. § 28.1133).

This amendment became effective September 18, 1931. Appellant argues that this amendment is unconstitutional under the reasoning of the *Robinson Case*, in that it constitutes double punishment. It is also argued that the sentence imposed on this defendant constitutes cruel or unusual punishment. See Constitution of 1908, art. 2, § 15. The term ''cruel or unusual punishment'' applies to something inhuman and barbarous, torture and the like.

*In re Ward,* 295 Mich. 742, 746. It is obvious that the sentence imposed cannot be so characterized.

Appellant argues that upon violation of his probation he might be sentenced for a term beyond the original term fixed by the ordinance and, therefore, be subjected to double punishment. That situation is not before us at this time and can be considered if and when it arises.

The condition of the probation order that Sarnoff make the necessary repairs is neither unreasonable nor improper. He may exercise the option either of making these repairs or of serving the full sentence required by law. See *People* v. *Good,* 287 Mich. 110; *People* v. *Hope,* 297 Mich. 115, and 24 C. J. S. p. 183.

The amendment in question (3 Comp. Laws 1929, § 17373, as amended by Act No. 308, Pub. Acts 1931), is not unconstitutional. The sentence imposed is within the limitations of the ordinance and the statute; it does not constitute double punishment nor cruel or inhuman punishment. The sentence is affirmed.

Chandler, C. J., and North, Starr, and Butzel, JJ., concurred with Bushnell, J.

Boyles, J. (*dissenting*). This ordinance makes it a crime punishable by fine or imprisonment for one to violate the following provision:

"Every dwelling and the parts thereof  *  *  * shall be kept in good repair by the owner."

The mandate *to keep in good repair* is indefinite and fails to inform the owner *in advance* what he must do or may not do. It goes beyond the requirements of sanitation, police power, or public health. A dwelling considered to be "in good repair" by one person may be considered by another totally

unfit for habitation. Is one or more of these conditions: old-fashioned papering, cracked plastering, a loose piece of siding, lack of painting, window glass puttying, replacing or repairing broken window sash, to be considered a failure to keep in good repair? Who is to know the answer in advance of an arrest? It is fundamental that a penal law cannot be sustained unless its mandates are so clearly expressed that any ordinary person can determine *in advance* what he may or what he may not do under it. *People* v. *Goulding,* 275 Mich. 353, 359. That part of the ordinance complained of cannot be upheld as a basis for a criminal prosecution. See *People* v. *Austin,* 301 Mich. 456.

The conviction should be set aside and the defendant discharged.

SHARPE, J., concurred with BOYLES, J. WIEST, J., took no part in this decision.