NAWROCKI *v.* SUPERIOR COURT OF GRAND RAPIDS.

1. CRIMINAL LAW—PROBATION—JUDGMENT.

Order of probation by a court having jurisdiction over a criminal defendant and the crime of which he is convicted is a judgment.

2. JUDGMENT—COLLATERAL ATTACK.

A party may not collaterally attack an unappealed judgment.

3. SAME—PROBATION—COLLATERAL ATTACK—SUMMARY JUDGMENT.

Summary judgment for defendants in plaintiff's action to recover that restitution paid by him, under the provisions of a probation order, which exceeded the amount of a forged check which he was convicted of having uttered and published *held,* proper, where the conviction remained unappealed at time of filing complaint for claim and delivery, since the order of probation, being a judgment of a court having jurisdiction of plaintiff and the crime with which he was charged, was not subject to collateral attack.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 June 9, 1967, at Lansing. (Docket No. 2,560.) Decided November 24, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 562 *et seq.*
[2] 30A Am Jur, Judgments §§ 844, 862.
[3] 30A Am Jur, Judgments § 928 *et seq..*

· Claim and delivery by George Nawrocki against the Superior Court of Grand Rapids and Jack Bronkema, Kent County Clerk, to recover that portion of restitution paid by him, under the provisions of a probation order, which exceeded the amount ·of a forged check which he was found guilty of having uttered and published. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*George Nawrocki, in propria persona.*

*Vander Veen, Freihofer & Cook,* for defendants.

QUINN, P. J. Following his conviction for uttering and publishing a forged $30 check,[1] plaintiff was placed on probation July 2, 1956. One term of the probation order required plaintiff forthwith to make restitution of $737.80 and pay costs of $100 and he complied therewith. The amount of restitution was the total of other forged checks uttered and published and the $30 check involved in the conviction. Thereafter, plaintiff's probation was revoked and he was sentenced to prison.

June 20, 1966, plaintiff filed complaint for claim and delivery[2] in Kent county circuit court against the superior court of Grand Rapids and Jack Bronkema, county clerk, to recover the restitution that exceeded the $30 check on which he was convicted on the theory that restitution for any sum beyond the amount involved in the offense for which he was convicted was illegal. Defendants moved for summary judgment on the basis the complaint · failed to state a cause of action (GCR 1963, 117.2[1]), and other grounds unnecessary to con-

---

[1] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).
[2] PA 1961, No 236, § 2920, CLS 1961, §600.2920 (Stat Ann 1962 Rev § 27A.2920).

sider in this decision. The trial court granted the motion and plaintiff appeals.

The order of probation was a judgment of a court having jurisdiction of plaintiff and the crime with which he was charged. That judgment was not appealed from when plaintiff filed the present complaint. The judgment may not be attacked collaterally, as plaintiff seeks to do. *Turbessi* v. *Oliver Iron Mining Co.* (1930), 250 Mich 110; *Kougoulas* v. *Sorlas* (1930), 252 Mich 557.

Affirmed.

J. H. GILLIS and McGREGOR, JJ., concurred.