## CITY OF DETROIT *v.* DEL RIO.

1. CRIMINAL LAW—VIOLATION OF ORDINANCE—PROBATION.
    Trial court has statutory power to put a defendant convicted of violation of a city ordinance on probation (CL 1948, § 771.1 *et seq.,* as amended).

2. SAME—CONDITIONS OF PROBATION—DISCRETION OF COURT.
    Trial court has considerable latitude in imposing conditions of probation as he deems pertinent to the offense and appropriate to the rehabilitation of the offender (CLS 1961, § 771.3).

3. SAME—CONDITIONS OF PROBATION—OPERATION OF AUTOMOBILE—DISCRETION OF COURT.
    Probation condition prohibiting or imposing limitations on the operation of a motor vehicle is pertinent to a violation of city ordinance relating to operation of vehicles, can be a useful device in imposing controls upon the particular offender, and is not an abuse of discretion vested in trial judge by statute (CLS 1961, § 771.3).

4. SAME—SUSPENSION OF DRIVER'S LICENSE—STATUTE—ORDINANCE—DISCRETION OF COURT.
    Provision of vehicle code for revocation or suspension of driver's license through several procedures and following various specified events does not prevent the trial judge from prohibiting a person convicted of violation of an ordinance against entering an intersection against a red traffic light from operating a motor vehicle as a condition of probation (CLS 1961, §§ 257.317, 771.3).

5. SAME—MOTOR VEHICLE CODE—SUSPENSION OR REVOCATION OF LICENSE—TRAFFIC SAFETY.
    Purpose of sections of motor vehicle code providing for revocation and suspension of operator's license is to promote traffic

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 563.
[2, 7] 21 Am Jur 2d, Criminal Law §§ 565, 566.
[3–6] 7 Am Jur 2d, Automobiles and Highway Traffic § 107 *et seq.*
[8] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

safety by removing unfit operators from the public streets and highways, not to punish traffic offenders, although suspension or revocation of a license may have a chastening effect (CLS 1961, § 257.317 *et seq.*).

6. SAME—MOTOR VEHICLE CODE—CODE OF CRIMINAL PROCEDURE.

Nothing in the motor vehicle code concerning revocation or suspension of drivers' licenses is designed to subordinate the purposes of the code of criminal procedure or the power of courts under it to punish offenders to the purposes of the vehicle code (CLS 1961, § 257.317 *et seq.*; CL 1948, § 769.1 *et seq.*, § 771.1 *et seq.*)

7. SAME—CITY ORDINANCES—VIOLATION—PROBATION—DISCRETION OF COURT.

Six months' probation and prohibition from operating motor vehicle during term of probation, for violation of city ordinance by entering intersection against a red traffic light, *held*, not an abuse of discretion although violation could be punished by fine or jail sentence, or both, or by imposing other conditions of probation including jail term (CLS 1961, § 771.3; Detroit Municipal Code §§ 1-1-7, 38-7-6).

8. SAME—COURT OF APPEALS—SENTENCE—DISCRETION OF COURT.

Court of Appeals does not have supervisory control over punishment imposed by trial court in the exercise of its discretionary choice of alternatives from among possible lawful dispositions.

Appeal from Recorder's Court of Detroit; Maher (Richard M.), J. Submitted Division 1 February 8, 1968, at Detroit. (Docket No. 2,761.) Decided April 2, 1968. Application for rehearing filed April 22, 1968.

James Del Rio was convicted of violation of the Detroit municipal code. Defendant appeals. Affirmed.

*Robert Reese,* Corporation Counsel, and *Robert D. McClear,* Assistant Corporation Counsel, for plaintiff.

*J. Leonard Hyman* (*Philip Green,* of counsel), for defendant.

PETERSON, J.   Defendant was convicted in recorder's court of the city of Detroit of violating section 38–7–6 of the Detroit municipal code by entering an intersection against a red light, and was placed on probation for six months.   A condition of probation prohibited him from operating a motor vehicle during the probationary term.   It is of this condition that defendant complains, contending that the recorder's court is without power to make such an order, or that, if the power exists, the entry of the order was an abuse of discretion.

So far as is here pertinent, the ordinance in question is identical to section 612 of the Michigan vehicle code, CLS 1961, § 257.612, as amended by PA 1966, No 237 (Stat Ann 1968 Cum Supp § 9.2312). Punishment under the ordinance may be by fine or jail term or both.[1]

In this setting, the power to enter probation orders under chapter 11 of the code of criminal procedure, CL 1948 and CLS 1961, § 771.1 *et seq.* (Stat Ann 1954 Rev and Stat Ann 1968 Cum Supp § 28.1131 *et seq.*), has been established.   Both *People* v. *Goldman* (1923), 221 Mich 646, and *People* v. *Sarnoff* (1942), 302 Mich 266, affirm the existence of such power, the former involving a violation of the Detroit traffic ordinance, the latter a violation of the Detroit building code.[2]

---

[1] Section 1–1–7, Municipal Code of the City of Detroit, setting the maximum fine at $500, and the maximum jail sentence at 90 days.

[2] In the face of these precedents, there is no merit to defendant's contention that the municipality must authorize the use of probation for violation of its ordinances.   CL 1948, § 726.30 (Stat Ann 1962 Rev § 27.3580), creating the recorder's court, provides:

"Punishments   *   *   *   for offenses against the ordinances and regulations of the common council shall be prescribed by said common council."

Probation has never been considered to be a form of punishment. See *People* v. *Fisher* (1927), 237 Mich 504, and *People* v. *Teasdale* (1952), 335 Mich 1.

Section 3 of the probation chapter of the code of criminal procedure, CLS 1961, § 771.3 (Stat Ann 1968 Cum Supp § 28.1133), deals with conditions of probation. Some conditions are specified as mandatory in every probationary case. Other conditions are expressly permitted where found appropriate in the discretion of the trial judge. In addition, it is provided that:

"The court may impose such other lawful conditions of probation, including restitution in whole or in part to the person or persons injured or defrauded, as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper."

It would serve no useful purpose to attempt to catalogue what may be "other lawful conditions of probation." The Court is not disposed to attempt what the legislature avoided, and it is clear that considerable latitude is intended for the trial judge in imposing the conditions he may deem pertinent to the offense and appropriate to the rehabilitation of the offender.[3]

In the former category, the act itself provides one example, that of restitution. *Sarnoff, supra,* approved another, the requirement that the defendant supply the omission which constituted the offense, *viz.,* making building repairs necessary to comply with the Detroit building code. In the latter category is the host of possible conditions dealing with the offender himself, which are intended for his guidance and rehabilitation. Such conditions

---

[3] Examples of conditions of probation held invalid are found in *People* v. *Smith* (1930), 252 Mich 4; *People* v. *Baum* (1930), 251 Mich 187; *People* v. *Teasdale* (1952), 335 Mich 1; and *People* v. *Becker* (1957), 349 Mich 476. As noted in *Becker*, conditions of probation may not be violative of constitutional safeguards; nor may conditions be imposed contrary to the authorization of the probation statute. *In re Cramer* (1952), 335 Mich 150, and cases cited therein.

deal with his conduct, habits, and behavioral needs.
Often the two categories coincide, *e.g.,* a program
of restitution may be pertinent to the offense of
theft and at the same time be instrumental in help-
ing the offender acquire a sense of responsibility
as to his act and as to his financial affairs.  Sim-
ilarly, a probation condition prohibiting, or impos-
ing limitations on, the operation of a motor vehicle
could be pertinent to a variety of offenses, not
necessarily limited to the vehicle code and like ordi-
nances, and may also be a useful device in imposing
controls upon a particular offender.  So viewed, the
probationary condition in the instant case would
not appear to be beyond the discretion vested in
the trial judge by the statute.

Defendant contends, however, that even if the
statute is so construed, power to impose this specific
condition has been pre-empted by the provisions of
section 317 *et seq.* of the Michigan vehicle code, CLS
1961, § 257.317 *et seq.* (Stat Ann 1960 Rev § 9.2017
*et seq.*), providing for the revocation or suspension
of drivers' licenses through several different pro-
cedures and following various specified events.  The
establishment by the legislature of these procedures
is said to be intended to fix the exclusive procedure
for revocation and suspension of licenses.  The
vehicle code does not so provide in so many words,
and appellant cites no authority for this proposition.
We think it clear, in any event, that the purposes of
the statute were not intended to be identical with
those contemplated by the code of criminal proce-
dure.  Thus, while suspension or revocation under
the vehicle code may well have a chastening effect,
the purpose of those procedures is traffic safety.

"In the first place, the revocation of an operator's
license  *  *  *  is not a criminal penalty  *  *  *
and is not a punishment for the offense.  Rather,

the conviction of certain offenses is declared to show —conclusively, to be sure, unless called into question under section 20[4]—the unfitness of the offender to operate a motor vehicle on the public streets and highways." *In re Probasco* (1934), 269 Mich 453, 457.

The purposes of the code of criminal procedure, on the other hand, may coincide with the public aim of traffic safety but not necessarily so, and the Court finds nothing in the vehicle code designed to subordinate the purposes and powers of the courts under the code of criminal procedure to the purposes of the vehicle code.

It is the contention of the defendant, however, that imposition of the condition amounted to an abuse of discretion. Defendant argues that the offense was of a relatively innocuous nature, and that there was no reason peculiar to his traffic record why such a condition should have been imposed. The trial judge could have imposed a fine or jail sentence or both, or could have imposed other conditions of probation including jail time. He observed the defendant on trial and could form conclusions as to his attitude towards the traffic laws which we could not draw from the record. Neither does this Court have the knowledge of the possibly pertinent traffic problems of the community which the trial judge might have. Defendant's prior traffic record is not a part of the record in this case and may or may not have been considered by the trial judge. In any event, it is not for an appellate court to supervise the trial court in its discretionary choice of alternatives from among the possible lawful dis-

---

[4] CL 1948, § 256.220 (Stat Ann § 9.1520), since repealed by PA 1949, No 300, § 921 (CLS 1961, § 257.921, Stat Ann 1960 Rev § 9.2621). Currently, see PA 1949, No 300, § 323 (CLS 1961, § 257-.323, Stat Ann 1962 Rev § 9.2023).

positions. See *People* v. *Will* (1966), 3 Mich App
330. The order of the recorder's court is affirmed.

BURNS, P. J., and HOLBROOK, J., concurred.