PRICE v COURT OF APPEALS

Docket No. 56053. Decided January 24, 1975.

Ernest Price was found guilty of violating a condition of his probation and was sentenced by the Recorder's Court of Detroit, Elvin L. Davenport, J., to serve a term of imprisonment. The Court of Appeals refused Price's claim of appeal, stating that he should file an application for leave to appeal. After the decision in *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), holding that an appeal as of right is available after determination of probation violation and prison sentence, limited to those matters related to the probation violation and the hearing on it, he again submitted his claim of appeal. The Court of Appeals again returned the claim, stating that it considered *Pickett* not to be retroactive. Price filed a complaint in the Supreme Court for an order of superintending control directing the Court of Appeals to accept his claim of appeal. *Held:*

1. *People v Pickett* is applicable to all cases where an application for leave to appeal or claim of appeal was filed in the Court of Appeals subsequent to March 19, 1974, to all cases where an application or claim theretofore filed was pending in the Court of Appeals on that date, and to all cases disposed of by the Court of Appeals where a timely application for leave to appeal is now pending in, or shall hereafter be filed in, the Supreme Court.

2. An order of superintending control shall issue directing the Court of Appeals to accept plaintiff's claim of appeal for filing.

PARDON AND PAROLE—PROBATION VIOLATION—APPEAL OF RIGHT.

A decision of the Supreme Court that an appeal as of right is available after determination of probation violation and prison sentence, limited to those matters related to the probation violation and the hearing on it, is applicable to all cases where an application for leave to appeal or claim of appeal was filed

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 566–568.

in the Court of Appeals subsequent to March 19, 1974, to all cases where an application or claim theretofore filed was pending in the Court of Appeals on that date, and to all cases disposed of by the Court of Appeals where a timely application for leave to appeal is now pending in, or shall hereafter be filed in, the Supreme Court.

*Murray G. Chodak* and *Norman R. Robiner,* for plaintiff.

PER CURIAM. On March 19, 1971, plaintiff pled guilty to an offense and was sentenced to serve two years' probation. On June 20, 1973, he was found guilty of violating a condition of his probation and was sentenced to serve a term of imprisonment. He timely petitioned for the appointment of appellate counsel and his request was granted on December 5, 1973. Counsel for plaintiff filed a claim of appeal with the Court of Appeals on January 31, 1974. On February 1, 1974, the Court of Appeals returned the claim of appeal stating that counsel should file an application for leave to appeal.

On March 19, 1974, this Court decided *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), holding that an appeal as of right is available after determination of probation violation and prison sentence, limited to those matters related to the probation violation and the hearing thereon. Subsequently, counsel again submitted his claim of appeal. On May 29, 1974, the Court of Appeals again returned the claim, stating that it considered *Pickett* not to be retroactive.

Plaintiff filed this complaint for an order of superintending control directing the Court of Appeals to accept his claim of appeal.

The Court has concluded that *People v Pickett* is applicable to all cases where an application for

leave to appeal or claim of appeal was filed in the Court of Appeals subsequent to March 19, 1974, the date of decision in *People v Pickett,* and to all cases where an application or claim theretofore filed was pending in the Court of Appeals on that date and to all cases disposed of by the Court of Appeals where a timely application for leave to appeal is now pending in this Court or shall hereafter be filed in this Court.

The order of superintending control shall issue directing the Court of Appeals to accept for filing plaintiff's claim of appeal.