PEOPLE v HARDENBROOK

1. Criminal Law—Probation Violation—Number of Hearings—
   Constitutional Law—Due Process.

   A single hearing for a probationer charged with probation viola-
   tion will provide due process where the hearing is sufficiently
   close in time to the notice of violation that the probationer is
   not held for a substantial time period without some kind of
   determination that he violated probation.

2. Criminal Law—Probation Violation—Probation Revocation—
   Constitutional Law—Due Process—Statutes.

   The Michigan statutory procedures governing probation viola-
   tions satisfy the due process requirements of U.S. Supreme
   Court precedent concerning probation revocation proceedings.

3. Criminal Law—Probation Violation—Preliminary Hearing—
   Probable Cause—Constitutional Law—Due Process.

   A probationer charged with a probation violation was not denied
   due process by the state's failure to give the probationer a
   preliminary hearing to determine probable cause for the proba-
   tion violation where the probationer was arraigned within 72
   hours following his arrest, a final revocation hearing was held
   seven days later, and the entire proceeding was handled in an
   expeditious manner.

4. Criminal Law—Probation Revocation—Rights of Defendant.

   The revocation of probation is not part of a criminal prosecution
   and the full panoply of rights due a defendant in a criminal
   proceeding does not apply to probation revocations.

References for Points in Headnotes
[1, 3] 21 Am Jur 2d, Criminal Law § 568.
  Right to notice and hearing before revocation of suspension of
  sentence, parole, conditional pardon, or probation. 29 ALR2d
  1074.
[2] 21 Am Jur 2d, Criminal Law §§ 567, 568.
[4, 5] 21 Am Jur 2d, Criminal Law §§ 565, 568.
[6] 21 Am Jur 2d, Criminal Law §§ 527, 563, 564, 567, 568.
[7] 21 Am Jur 2d, Criminal Law §§ 566, 571.

5. CRIMINAL LAW—PROBATION REVOCATION—MIRANDA WARNINGS—
EXCLUSIONARY RULE.

A probationer's statements to his probation officer are admissible in a probation revocation proceeding even though no *Miranda* warnings were given.

6. CRIMINAL LAW—PROBATION REVOCATION—RULES OF EVIDENCE—
STATUTES.

Probation revocation hearings are summary, informal, and not subject to the rules of evidence applicable in criminal trials (MCLA 771.4; MSA 28.1134).

7. CRIMINAL LAW—PROBATION REVOCATION—EVIDENCE—EXTENUAT-
ING CIRCUMSTANCES—SENTENCING.

Extenuating circumstances are more relevant to sentencing; therefore, a trial court's refusal to admit evidence of extenuating circumstances at a probation revocation proceeding was within its broad discretion.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted April 7, 1976, at Grand Rapids. (Docket No. 25082.) Decided April 27, 1976.

David H. Hardenbrook was convicted, on his plea of guilty, of entering a building without breaking with intent to commit larceny, and he was placed on probation. Probation revoked. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Brignall, DeVries & Lamb, P. C.,* for defendant.

Before: J. H. GILLIS, P. J., and N. J. KAUFMAN and E. A. QUINNELL,* JJ.

N. J. KAUFMAN, J. Defendant appeals by right from the May 6, 1975 judgment of the Kalamazoo

---

* Circuit judge, sitting on the Court of Appeals by assignment.

County Circuit Court which revoked his probation pursuant to a finding that he had violated one of the terms of his probation order. Defendant was subsequently sentenced to a term of from 2-1/2 to 5 years in prison.

In 1973, the defendant was convicted on his plea of guilty to the crime of entering a building without breaking with the intent to commit the crime of larceny. MCLA 750.111; MSA 28.306. He was subsequently placed on probation for two years, the first six months to be spent in the county jail.

One of the terms of his probation order prohibited him from leaving the State of Michigan. Early in 1975, defendant's probation officer received information which led him to believe that the defendant had violated that provision by traveling to Florida. On February 28, 1975, a petition for a bench warrant and probation violation hearing was filed by the probation officer and a warrant issued.

The defendant was arraigned in circuit court on the violation charge on April 29, 1975. At that time, he demanded a hearing on the charge and requested the appointment of an attorney. Both requests were met.

The hearing was held on May 6, 1975. The sole witness was the defendant's probation officer, Mr. John Roseboom. Roseboom testified that he received a phone call on February 24, 1975, giving him information which led him to believe that the defendant had illegally left the state. He further testified that the defendant came to his office on February 28, 1975, and, in response to the probation officer's question, admitted that he had visited a brother who lived in St. Petersburg, Florida. The probation officer stated that he had not given the

defendant *Miranda*[1] warnings before asking him that question. The defense then moved that the probation officer's testimony be stricken because no warnings had been given. However, the trial judge denied the motion, stating that he was not aware of any authority which required probation officers to give *Miranda* warnings before questioning a client.

Through his attorney, the defendant then indicated that he would like to testify about the extenuating circumstances that caused him to leave the state. However, the trial judge refused to allow him to testify at that time. The court reasoned that information about extenuating circumstances could only be considered as a part of the sentencing procedure, not part of the guilt-determining process. The defendant was advised to explain the extenuating circumstances to the probation officer who would prepare the presentence report.

On appeal, defendant propounds three claims of error. Defendant first contends that error was committed when he was not given a preliminary hearing to determine the existence of probable cause that he had violated the terms of his probation. Defendant bases this contention on *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973). In *Gagnon,* the Supreme Court adopted for probation revocation proceedings the due process rules it had formulated for parole revocation proceedings in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). As part of these rules, the Court mandated both preliminary and final revocation hearings, with the former designed to ascertain probable cause for revocation. 411 US at 781–782.

This Court, however, has noted that the Su-

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

preme Court "was not establishing an inflexible structure for probation revocation procedures". *People v Blakely,* 62 Mich App 250, 254; 233 NW2d 523 (1975). As such, a single revocation hearing will provide due process if it is sufficiently close in time to the notice of violation that a defendant will not be held for a substantial time period without some kind of determination that he violated probation. *Id.* The Michigan statutory procedure utilized here was found to satisfy *Gagnon* in *People v Leroy Jackson, Jr,* 63 Mich App 241; 234 NW2d 467 (1975). Defendant here was arraigned within 72 hours following his arrest and the final revocation hearing was held seven days later. The expeditious manner in which this proceeding was handled satisfies the *Morrissey-Gagnon* standards as applied by Michigan case law.

Defendant's second appellate contention is that the trial court erred by admitting, over defense objection, the statement of defendant's probation officer that defendant admitted going out of Michigan in violation of his probation. Defendant argues that, prior to admitting the violation, he was not informed of his constitutional rights pursuant to the dictates of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Therefore, he contends, the probation officer's testimony was improperly admitted.

Defendant cites no authority in support of his argument, and our research has discovered none. Indeed, relevant case law from this and other jurisdictions militates against the application of the *Miranda* rules to probation revocation hearings. First, as the Supreme Court stated, "the revocation of * * * [probation] is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does

not apply to * * * [probation] revocations". *Morrissey v Brewer, supra,* at 480. See also *Gagnon v Scarpelli, supra,* at 781. The *Miranda* rules, by their own terms, only apply to criminal prosecutions, specifically to "custodial police interrogation" and to the use of statements in criminal trials. *Miranda v Arizona, supra,* at 439. The "minimal" due process requirements for probation revocation hearings were explicitly established in *Gagnon.* The requirement that more than just defendant's own testimony be required to find a violation was not, as defendant would have us hold, one of these rights.

Second, cases in other jurisdictions have uniformly rejected the application of *Miranda* rules to probation revocation proceedings. These opinions have stressed the fact that probation revocation is "not an adversary or a criminal proceeding, * * * but is more in the nature of an administrative hearing intimately involved with the probationer's rehabilitation". *United States v Johnson,* 455 F2d 932, 933 (CA 5, 1972), *cert den* 409 US 856; 93 S Ct 136; 34 L Ed 2d 101 (1972). Further, a probationer retains only those rights which:

"are compatible with his probationary status. * * * This is so because the defendant expressly agrees to be subject to the supervision and surveillance appropriate to a probationer, to avoid the more onerous regimen of a prisoner." *United States v Delgado,* 397 F Supp 708, 712 (SD NY, 1974).

See also *Cunningham v State,* 488 SW2d 117 (Tex Crim App, 1972), *State v Johnson,* 9 Wash App 766, 514 P2d 1073 (1973).

In *United States v Deaton,* 468 F2d 541 (CA 5, 1972),[2] the Court distinguished *United States v*

---

[2] *Cert den* 410 US 934; 93 S Ct 1386; 35 L Ed 2d 597 (1972).

*Johnson, supra,* and, in doing so, pointed out the appropriate application of the *Miranda* rules. The Court reaffirmed its holding in *Johnson* that *"Miranda* warnings are not required as a condition to the admission in evidence at the revocation hearing of statements made by the parolee to the parole officer". *Id.* at 544. In *Deaton,* however, such statements were admitted against defendant in a subsequent criminal trial. This use, the Court held, was improper.

In Michigan, revocation hearings are "summary and informal and not subject to the rules of evidence * * * applicable in criminal trials". MCLA 771.4; MSA 28.1134. Parenthetically, other state and Federal courts have also held the Fourth Amendment exclusionary rule inapplicable to probation revocation hearings. See *e.g., United States v Winsett,* 518 F2d 51 (CA 9, 1975), *United States v Delgado, supra, People v Wilkerson,* 541 P2d 896 (Colo, 1975).

Defendant's final argument on appeal is that the trial judge erred in refusing to allow the defendant to testify about extenuating circumstances at the revocation hearing. We find that the court and prosecutor are correct in arguing that, once defendant admitted that he had violated a condition of probation, his explanation of why he had left the state was more relevant to sentencing. As such, the court's refusal to admit this evidence was within its broad discretion. *People v Wood,* 2 Mich App 342; 139 NW2d 895 (1966).

Affirmed.