PEOPLE v GILLMAN

OPINION OF THE COURT

1. CRIMINAL LAW—PROBATION REVOCATION—NOTICE—STATUTES.

A probationer charged with violating a condition of his probation is entitled to a written copy of the charges against him (MCLA 771.4; MSA 28.1134).

2. CRIMINAL LAW—PROBATION REVOCATION—NOTICE—DUE PROCESS.

Notice of charges of probation violation must be given to a probationer sufficiently in advance of scheduled court proceedings so that a reasonable opportunity to prepare will be afforded, in order to comply with due process requirements.

3. CRIMINAL LAW—PROBATION REVOCATION—HEARINGS—ADEQUATE NOTICE.

A probationer was not afforded a reasonable opportunity to prepare for a probation revocation hearing where he was served with the charges of probation violation 15 minutes before the hearing.

DISSENT BY V. J. BRENNAN, J.

4. CRIMINAL LAW—PROBATION REVOCATION—CONSTITUTIONAL LAW— STATUTES.

*The Michigan statutory procedure governing probation revocation*

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 7, 8, 10] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

[5, 6, 9] 21 Am Jur 2d, Criminal Law § 566.

[11] 21 Am Jur 2d, Criminal Law §§ 564, 565.

[12, 13] 21 Am Jur 2d, Criminal Law § 585.

[14] 21 Am Jur 2d, Criminal Law §§ 566, 571.

[15] 60 Am Jur 2d, Penal and Correctional Institutions §§ 59, 62, 64.

Withdrawal, forfeiture, modification, or denial of good-time allowance to prisoner. 95 ALR2d 1265.

*exceeds the requirements for such proceedings as set down by
the U. S. Supreme Court (MCLA 771.4; MSA 28.1134).*

5. CRIMINAL LAW—APPEAL AND ERROR—PROBATION REVOCATION—
   HEARINGS—SCOPE OF APPEAL.

   *The Court of Appeals, in an appeal from a probation revocation
   hearing, will not review alleged errors relating to the original
   conviction for which the defendant was placed on probation.*

6. CRIMINAL LAW—APPEAL AND ERROR—PROBATION REVOCATION—
   SCOPE OF APPEAL.

   *An unappealed conviction, which was the basis for revocation of
   probation, is not a proper subject for review on appeal of the
   probation revocation.*

7. CRIMINAL LAW—PROBATION REVOCATION—EVIDENCE.

   *Revocation of probation is justified where a probation violation is
   established by a preponderance of the evidence.*

8. CRIMINAL LAW—PROBATION REVOCATION—NOTICE—PREJUDICE—
   CONTINUANCE.

   *An order for probation revocation should not be reversed because
   the probationer was served with the charges of probation
   violation only a short time before the hearing where (1) nothing
   which could be meaningfully contested was denied by the
   probationer, (2) defense counsel could have requested a continu-
   ance but did not do so, and (3) the probationer was not preju-
   diced.*

9. CRIMINAL LAW—PROBATION—GRACE—JUDGES—STATUTES.

   *Granting or denying probation is a matter of grace; the statutory
   authority of a sentencing judge granting probation is broad, as
   is his power to amend the probation order (MCLA 771.1; MSA
   28.1131).*

10. CRIMINAL LAW—APPEAL AND ERROR—PROBATION—STATUTORY
    RIGHTS—CONSTITUTIONAL RIGHTS.

    *An appellate court should not interfere in probation matters
    absent a showing of a violation or abuse of statutory authority
    or violation of some constitutional right.*

11. CRIMINAL LAW—PROBATION—ALCOHOLIC BEVERAGES.

    *A condition of probation that the probationer refrain from using
    alcoholic beverages may be lawfully imposed where it bears a
    reasonable relation to rehabilitation.*

12. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS—RIGHT TO COUNSEL.

*A sentencing court may not consider a defendant's prior convictions where the convictions were obtained without benefit of counsel and are invalid under U. S. Supreme Court precedent.*

13. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS—APPEAL AND ERROR—RIGHT TO COUNSEL.

*The Court of Appeals, on appeal from an order revoking probation and imposing sentence, will not review a claim that the court when sentencing considered invalid prior convictions where (1) the convictions occurred prior to defendant's initial placement on probation, (2) defendant did not then object to consideration of prior convictions, and (3) defendant has failed to follow the procedure set out by state court precedent for asserting such a claim.*

14. CRIMINAL LAW—PROBATION—SENTENCING—REVOCATION—STATUTES.

*A probationer, when probation is revoked, may be sentenced to the same penalty as if the probation order had never been made (MCLA 771.4; MSA 28.1134).*

15. CRIMINAL LAW—PROBATION—JAIL SENTENCE—REVOCATION— CREDIT FOR TIME SERVED.

*A court may require a probationer to be imprisoned in county jail for not more than six months as a condition of probation; however, credit for time served in jail while on probation need not be given when sentencing a defendant after revoking his probation.*

Appeal from Lenawee, Rex B. Martin, J. Submitted April 6, 1976, at Lansing. (Docket No. 21438.) Decided September 28, 1976.

Archie Gillman was convicted, on his plea of guilty, of breaking and entering, and he was placed on probation. Probation revoked. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attor-

neys Appellate Service, by *Lee Wm. Atkinson,* Special Assistant Attorney General, of counsel), for the people.

*F. Michael Schuck, III,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

T. M. BURNS, P. J. In 1973 defendant pled guilty to breaking and entering and was placed on probation for five years. In 1974 defendant was convicted of breaking and entering. Subsequent to that conviction and just prior to the sentence hearing, defendant was served with several charges of probation violation. An immediate hearing was held and defendant's probationary sentence was revoked. Defendant appeals the trial court's order of probation revocation.

Defendant raises several issues on appeal, one is dispositive.

Defendant alleges that he received written notice of the probation violation charges 15 minutes before the hearing. The prosecutor does not challenge that allegation. A probationer charged with violating a condition of his probation is entitled to a written copy of the charges against him. MCLA 771.4; MSA 28.1134. To comply with due process requirements, the notice must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded. *In re Gault,* 387 US 1, 33; 87 S Ct 1428; 18 L Ed 2d 527 (1967), *People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976). Fifteen minutes does not meet the test of reasonable opportunity to prepare.

The order revoking defendant's probation is set

aside and this cause is remanded to the trial court without prejudice to conduct a proper hearing.

D. E. Holbrook, Jr., J., concurred.

V. J. Brennan, J. *(dissenting).* I am forced to dissent from Judge Burns' opinion because I feel certain important principles of law are involved in this case. They were raised by the various allegations of error defendant brought. I will discuss each one in order.

Defendant first contends that the hearing he received below did not comply with the requirements defined by the United States Supreme Court in *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973).[1] See also the prior ruling concerning parole revocation in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). Under these decisions, a defendant is entitled to both a preliminary hearing to establish probable cause that the violation occurred, and, if established, a second separate hearing to determine whether probation should be revoked on the basis of the violation.

In this case, defendant believes the trial court compromised the *Gagnon* guidelines when he did not offer defendant a preliminary hearing regarding the revocation allegations.[2] I do not agree.

---

[1] Under *Gagnon,* the defendant must be given two hearings. The first hearing is to establish probable cause regarding the probation violation itself. The defendant must be provided with notice of the charges against him, an opportunity for confrontation and cross-examination of witnesses, an opportunity for rebuttal and also an opportunity to be heard. The final hearing determines whether probation should be revoked and allows defendant an opportunity to show he did not violate probation or to explain any mitigating circumstances. *Gagnon, supra,* 411 US at 786; 93 S Ct at 1761–1762; 36 L Ed 2d at 664.

[2] The charges of probation violation involved here included (1) a charge of driving a motor vehicle with ability impaired, to which defendant plead guilty in 1974, (2) a charge of breaking and entering

Michigan has enacted its own legislation in this area. MCLA 771.4; MSA 28.1134.[3] By procedure established under this statute, a defendant receives a hearing which this Court has found exceeds the *Gagnon* requirements.[4] *People v Leroy Jackson, Jr,* 63 Mich App 241, 247–248; 234 NW2d 467 (1975). See also *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976). Defendant received such a hearing in this case.

Secondly, defendant would ask that we review on this appeal the validity of the guilty plea he entered to the original charge of attempted breaking and entering in 1973. Probation was revoked on June 26, 1974, and the present term imposed. Consequently, this appeal, taken as of right, was subsequent to the revocation procedure.

Under these circumstances, the Michigan Supreme Court has recently refused to review the original offense on an appeal arising out of alleged errors in the revocation procedure. *Price v Court of Appeals,* 393 Mich 457, 458; 225 NW2d 364 (1975), *People v Pickett,* 391 Mich 305, 316; 215 NW2d 695 (1974). I believe these decisions apply here.

---

for which defendant was convicted by jury in 1974, and (3) a condition of probation that defendant would not drink alcoholic beverages, which he admitted he violated during the revocation hearing upon which this appeal is based.

[3] MCLA 771.4; MSA 28.1134 requires in relevant part:

"The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: Provided, however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon."

[4] We note that prosecution secured a bench warrant in this case, pursuant to proper procedure under MCLA 771.4; MSA 28.1134. Consequently, as *People v Leroy Jackson, Jr,* 63 Mich App 241, 246–248; 234 NW2d 467 (1975), indicates, procedure under the statute requires a prior "probable cause" hearing and so may eliminate the need for a second such hearing at the revocation proceeding itself. *See Singletary v State,* 290 So 2d 116, 120 (Fla App, 1974).

Defendant further contends that, even though the original offense is not now a proper subject of review, "matters relating to probation violation and the hearing thereon" may be reviewed at this time. I agree with this proposition. *People v Pickett, supra,* at 316.

What I do not agree with is the suggestion that this Court now review alleged defects in the guilty-plea procedure concerning the charge of driving while impaired in 1974.[5] This conviction was one of the grounds upon which the trial court found defendant outside the condition of probation that he not violate "any laws of the state of Michigan or any other governmental unit". I feel the proper way to appeal the defective plea is by direct, not collateral, attack. See *People v Radowick,* 63 Mich App 734, 738–740; 235 NW2d 28 (1975), *Nawrocki v Superior Court of Grand Rapids,* 8 Mich App 228, 230; 154 NW2d 47 (1967). As a result, I believe the only proper course defendant had on the alleged plea defect in 1974 was an appeal from the district court ruling on that plea, which he did not take. This Court should not hesitate to accept the validity of that unappealed plea for purposes of our ruling on the revocation appeal before us.[6] The trial court was completely justified in using that plea to support his revocation decision. De-

[5] In *Morrissey,* the Court was clear that the parole revocation hearing would not include collateral attack on prior convictions:

"Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey v Brewer,* 408 US at 490; 92 S Ct at 2605; 33 L Ed 2d at 499. *See In re Edge,* 33 Cal App 3d 149; 108 Cal Rptr 757 (1973).

[6] *Edge* involved a question whether defendant's guilt on the underlying offenses to which he pled guilty required further production of proof to establish probable cause under *Morrissey.* The Court there indicated that the revocation hearing was not the proper forum in which to relitigate "the issues underlying guilt". By applying that standard to this case, I reach the conclusion I do.

fendant is not entitled to multiple appeals, and I do not believe the Michigan Supreme Court intended this result in *Pickett.*

In short, I believe that the scope of appeal on revocation charges should be limited to "matters relating to the probation violation" which may be attacked directly by proper judicial action.[7] A prior unappealed conviction which is the basis of revocation due to violation of a probation condition that defendant not violate a state law is not itself a proper subject of appeal on appeal of a revocation decision.

On the question whether, once properly considered, the plea-based conviction would justify the trial court's action in revoking probation, I feel the plea conviction in 1974 did indicate grounds sufficient to find a violation of probation by a preponderance of the evidence and so justify revocation by the trial court. *People v Billy Williams,* 66 Mich App 67, 71; 238 NW2d 407 (1975). However, I would note once again that two other substantial charges weighed in the trial court's consideration, the jury conviction for breaking and entering in 1974 and the admitted drinking of alcohol. Certainly the trial court's decision to revoke was soundly based.

Defendant next questions whether he received adequate notice in accordance with Michigan law.

---

[7] In *Edge,* the California Court of Appeals, 5th District, suggested the following errors connected with prior convictions were properly reviewable as bearing directly on the substance and procedure of the revocation hearing:

"the parolee should be able to present evidence at the revocation hearing that he is not the person convicted, the offense of which he was convicted was other than the one specified as a parole violation, that the parole violation report or complaint charging the violation is inaccurate or contains misinformation, and other facts and circumstances in explanation or mitigation." *In re Edge,* 33 Cal App 3d at 157; 108 Cal Rptr at 763.

I believe defendant was properly informed of the charges against him.

MCLA 771.4; MSA 28.1134 provides that a "probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation".

The transcript to the revocation hearing contains the following colloquy:

> "*The Court:* Archie, you are here on two matters this morning. The first one is File 9372, which is the petition for a bench warrant for violating the terms of your probation on an attempted breaking and entering charge, where you were placed on probation back in February of 1973. Remember that?
>
> "*The Respondent:* Yes, sir.
>
> "*The Court:* You had a chance to read the petition for a bench warrant and the bench warrant?
>
> "*The Respondent:* Yes, sir, I have."

Thus, from the transcript and affidavit defendant executed upon the same matter, I am convinced defendant received written notice of the charges against him before the hearing. The court properly observed the letter of MCLA 771.4; MSA 28.1134. The transcript discloses no prejudice.

As to whether defendant was given adequate time prior to the revocation hearing in order to prepare his defense, I note two recent decisions of this Court holding that a hearing held on the same day or the day after notice is given constitutes reversible error. *People v Bell,* 67 Mich App 351, 353–355; 241 NW2d 203 (1976), *People v Gulley,* 66 Mich App 112, 116–117; 238 NW2d 421 (1975).[8]

[8] In *Bell,* as here, where one of the charges was admitted by guilty plea, the majority refused to reverse on that particular charge due to lack of notice. Instead, they correctly observed that defendant's guilty plea waived all nonjurisdictional defenses. *People v Bell, supra* at 354. *See People v Potts,* 45 Mich App 584; 207 NW2d 170 (1973). We follow

However, in both *Bell, supra,* at 353, 355, and *Gulley, supra,* at 115, either some or all of the charges could be meaningfully contested. In this case, nothing which could be meaningfully contested was denied,[9] and so I do not believe that the time period involved was unreasonable. I would further note that defense counsel could have requested a continuance, but did not do so. Thus I find no distinguishable prejudice here and so would decline to reverse upon this basis.[10]

Fourthly, defendant argues that he is being punished for his status as an alcoholic. I disagree.

This Court has long recognized that granting or denying probation is a matter of grace. *People v Gallagher,* 55 Mich App 613, 620–621; 223 NW2d 92 (1974), *People v Higgins,* 22 Mich App 479, 482–484; 177 NW2d 716 (1970) (DANHOF, J., dissenting), *People v Sattler,* 20 Mich App 665, 669–670; 174 NW2d 605 (1969). In *Sattler,* the Court stated:

"The legislatively announced state policy with respect to probation is that it is a matter of grace. MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134). The statutory authority of a sentencing judge granting probation is broad, as is his authority to alter and amend the probationary order. MCLA §§ 771.1, 771.2, 771.3 (Stat Ann 1969 Cum Supp § 28.1131, Stat Ann 1954 Rev § 28.1132 and Stat Ann 1969 Cum Supp § 28.1133).

---

their holding here although recognizing in this case that the guilty plea was entered in another proceeding.

[9] We note defendant denied "breaking and entering", referring either to the guilty plea in 1973 or the conviction by jury in 1974. However, as the guilty plea in 1973 was not appealed and the conviction in 1974 could not be relitigated, we find no meaningful denial, as was the case in *Bell* and *Gulley.* In short, we simply do not find the possibility for prejudice occasioned by the circumstances involved in those decisions.

[10] *See People v Hardenbrook, supra,* where defendant's probation revocation was upheld despite a seven-day hiatus between arraignment on the revocation charge and the full hearing.

Probation is peculiarly within the province of the sentencing judge, and an appellate court should not interfere in probation matters absent a showing of a violation or abuse of statutory authority or violation of some constitutional right of the defendant." 20 Mich App 669–670.

The purpose of probation is rehabilitation. *People v Gallagher, supra,* at 619. However, defendant cites us to *Robinson v California,* 370 US 660; 82 S Ct 1417; 8 L Ed 2d 758 (1962), alleging a constitutional violation by imposing upon defendant the condition that he not drink. *Robinson* does not apply here. The *Robinson* case involved a trial for addiction of narcotics under a California statute found to be unconstitutional. I see no correlation between a statute prohibiting drug addiction and a condition of voluntary probation that a probationer refrain from alcoholic beverage use while on probation.

Given that rehabilitation is the primary objective of probation, I feel that offering defendant such a condition was within the latitude granted the trial court. No objection was made at the time. In fact, defendant not only voluntarily agreed to this condition, but later admitted at the revocation hearing that he violated that condition.

In *Higgins,* a probationary condition that defendant refrain from playing basketball was struck down. Both the majority and Judge Danhof, in dissent, quoted the following language from a prior decision regarding the nature of what may lawfully be imposed as a condition of probation to the end of achieving rehabilitation:

"It would serve no useful purpose to attempt to catalogue what may be 'other lawful conditions of probation.' The Court is not disposed to attempt what the

Legislature avoided, and it is clear that considerable latitude is intended for the trial judge in imposing the conditions he may deem pertinent to the offense and appropriate to the rehabilitation of the offender." *Detroit v Del Rio,* 10 Mich App 617, 620; 157 NW2d 324 (1968).

I note here that the condition rejected by the Court in *Higgins* was found objectionable because the condition bore no reasonable relation to rehabilitation for the charge involved there. The court in this case may have much more reasonably concluded that defendant's propensity to drink was either a direct or incidental cause of his criminal behavior and so imposed the condition as a bona fide part of its rehabilitation effort.

Furthermore, and most critical legally in this matter, I firmly believe, on the full record, that defendant's probation was revoked not for his failure to observe the condition that he not drink, but for the two convictions, one of which involved a jury verdict and the other of which involved a guilty plea. I simply do not feel the court acted unreasonably in revoking probation under these circumstances.

Next, reversible error in sentencing is assigned to the trial court's consideration of convictions between 1966 and 1973, supposedly obtained without benefit of counsel. I fully understand that the law forbids a trial court from weighing convictions that are invalid under *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), or *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972). *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

However, unlike *Moore,* we are confronted here with a defendant who was initially sentenced to probation in 1973. No objection to the trial court's

consideration of these convictions was made at
that time and proper procedure under *Moore* was
not followed thereafter. Therefore we should not
now review them. *People v Henry,* 395 Mich 367,
376; 236 NW2d 489 (1975).

Finally, defendant urges that the trial court
erred reversibly when defendant was refused
credit for the 45 days he originally served in jail
as a condition of his probation. Once again, I
cannot agree.

*People v Jaynes,* 23 Mich App 360, 362; 178
NW2d 558 (1970), found it to be the intention of
the Legislature that when probation is revoked the
probationer may be sentenced to the same penalty
as if the probation order had never been made.
The statutes interpreted read as follows:

"MCLA § 771.3 (Stat Ann 1970 Cum Supp § 28.1133)
provides:

" 'As a condition of probation, the court may require
the probationer to be imprisoned in the county jail
* * * for not more than 6 months.'

"MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134) states:

" 'It is the intent of the Legislature that the granting
of probation to the one convicted shall be a matter of
grace. * * * In case such probation order is terminated
or revoked the court may proceed to sentence such
probationer in the same manner and *to the same
penalty as it might have done if such probation order
had never been made.' "* (Emphasis supplied.) *People v
Jaynes, supra,* at 361–362.

In *People v Westman,* 53 Mich App 662, 666; 220
NW2d 169 (1974), *Jaynes* was held to be control-
ling and the trial judge's right to assess the maxi-
mum punishment provided by law was affirmed. In
*People v Lacy,* 54 Mich App 471, 474–476; 221
NW2d 199 (1974), the Court found the failure to

credit a defendant for the time served on probation did not violate equal protection. The Court reasoned that if credit were given for time served, the court might be reluctant to grant probation in the future.

These cases control the defendant's claim. Credit is necessary only for the two days conceded by plaintiff but not for the 45 days served as a condition of probation.

Having reviewed all defendant's allegations of error, I find the defendant's probation revocation hearing should be upheld.